(No. 14351.—Judgment reversed.)
THE CITY OF CHICAGO, Appellee, *vs.* EMIDDIO DiSALVO,
Appellant.

*Opinion filed February 22, 1922.*

1. PRACTICE—*when motion to have revolver restored to defendant's possession is premature.* In a prosecution for the violation of a city ordinance prohibiting the purchase of fire-arms without a license, a motion requesting the court to restore to the defendant a revolver which a police officer had taken from his residence without a search warrant is premature when made before any evidence is heard, and the court is justified in denying it.

2. SAME—*any question as to legality of means of obtaining evidence should be raised by objection to its introduction.* In a prosecution for the violation of an ordinance prohibiting the purchase of fire-arms without a license, if no objection is made to the introduction in evidence of the revolver which the defendant is alleged to have purchased in violation of the ordinance the defendant can not question the legality of the means by which the police secured possession of the revolver.

3. JUDICIAL NOTICE—*Supreme Court will not take judicial notice of an ordinance.* Although section 54 of the Municipal Court act requires that court to take judicial notice of all general ordinances of the city of Chicago the Supreme Court is not required to do so, and where, on appeal in a prosecution for violating an ordinance, it is certified that the bill of exceptions contains all the evidence but the ordinance involved is not contained therein, no question of the validity of the ordinance can be determined.

4. MUNICIPAL CORPORATIONS—*when conviction for violation of fire-arms ordinance cannot stand.* An ordinance prohibiting the purchase of fire-arms without first obtaining a license from the superintendent of police cannot be applied to a purchase by mail from a vendor residing outside the State, and a conviction for violation of the ordinance in such a case contravenes the constitutional provision in regard to the regulation of commerce between the States.

5. SALES—*sale of personal property is made where goods are delivered to carrier.* Sales of personal property, whether the purchase is by the vendee personally or by letter, are regarded as made at the place where the vendor shows his assent to the proposal by delivering the goods to a carrier for the vendee, in the absence of any agreement of the parties or any special circumstances showing to the contrary.

6. APPEALS AND ERRORS—*failure of appellant to serve appellee with copies of the brief and abstract is not ground for affirmance.* Failure of an appellant to serve appellee with a copy of his abstract and brief on or before twenty days before the first day of the term will prevent any default by appellee for not filing his brief on the first day of the term but is not ground for affirming the judgment after the appellee has filed his brief.

APPEAL from the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding.

CAIROLI GIGLIOTTI, for appellant.

SAMUEL A. ETTELSON, Corporation Counsel, and LOUIS P. PIQUETT, (DANIEL WEBSTER, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

A complaint was filed in the municipal court of Chicago charging Emiddio DiSalvo with purchasing a revolver on August 12, 1921, without first securing a permit from the general superintendent of police, in violation of section 5 of an ordinance regulating the sale of fire-arms, passed by the city council on May 11, 1914. Having waived a jury he was tried by the court, found guilty and sentenced to pay a fine of $100 and the costs and was committed to the house of correction until the fine and costs were paid. He appealed to this court, claiming that his conviction was in violation of the fourth and fifth amendments to the constitution of the United States and of the interstate commerce clause of the constitution.

The appellant lived at the apartment occupied by Antonia Torelli, 1444 Spruce avenue, in the city of Chicago, but on August 12, 1921, was not at home. On that day a package addressed to him, bearing a label "From Paramount Trading Company, 114 Maiden Lane, New York City," and marked "C. O. D. due sender $12.30, M. O. fee .10, total, $12.40," was delivered at the apartment by a carrier of the United States mail and was received by Mrs.

Torelli, who paid the $12.40 charges thereon, having been in the habit of receiving appellant's mail in his absence. The detective bureau of the city had been notified that the package would be delivered and policemen accompanied the carrier in an automobile, and immediately after its delivery went to the door of the apartment, asked for and received the package and opened it in the presence of Mrs. Torelli. It contained a revolver. One of the officers gave Mrs. Torelli his card and told her to notify the appellant when he came back that the officer had his gun. Upon his return to Chicago on the same day the appellant went to the address mentioned on the card, which was a police station, asked for the revolver, and was arrested. He paid Mrs. Torelli the amount she had paid the carrier.

When the case was called for trial, before any evidence was introduced, counsel for the appellant made a demand on the court for the return of the revolver and the box in which it was contained. No evidence was introduced in support of this demand. At the close of the evidence a motion was made to restore the revolver to the appellant. It is contended that by the denial of these motions the appellant's rights under the fourth and fifth amendments to the constitution of the United States were violated because the package was unlawfully taken and its contents unlawfully obtained by the officers, who had no warrant for entering appellant's dwelling. Without regard to the question whether these amendments apply to the action of the States, the question which the appellant desires to present does not arise upon the record. When the motion was first made there was no petition, statement of facts or evidence before the court upon which it could act. The abstract merely states "that a demand was made for the return of the gun and the box in which it was contained when the officers seized it at the home of Mrs. Antonia Torelli without any search warrant or other authority of law." No evidence being introduced the court had no facts before it upon which

to grant the demand and therefore did not err in denying it. The officers testified, without objection, that the revolver was contained in the package, and the revolver itself was admitted in evidence without objection. As the evidence was admitted without objection, the question of the legality of the means by which the officers obtained possession of the revolver was immaterial to the rights of the appellant in this case. The revolver itself and the testimony of the officers were competent evidence and were not objected to. The means by which the officers obtained possession of the revolver and knowledge of the facts to which they testified were not at that time involved in the litigation, and the court was under no obligation, in the course of the trial, to consider and determine, after the evidence had been received without objection, a question thus arising as to the means by which the evidence had been obtained. *Weeks* v. *United States,* 232 U. S. 383.

The ordinance which is the basis of the complaint does not appear in the record, and it is argued that the validity of the ordinance, therefore, cannot be considered. Section 54 of the Municipal Court act' requires that court to take judicial notice of all general ordinances of the city but does not require this court to do so, and such an ordinance can be made known to this court only by being made a part of the record by bill of exceptions. (*City of Chicago* v. *Lost,* 289 Ill. 605.) On the trial the municipal court no doubt took notice that there is an ordinance of the city of Chicago prohibiting the purchase of a revolver without first securing a permit from the general superintendent of police. It is certified in the bill of exceptions that it contains all of the evidence, but there is no certificate of the ordinance. When the ordinance itself is not before the court no question of its validity or constitutionality can be passed upon.

It is assigned for error that the transaction "was not an intracity or intrastate but an interstate transaction and not

subject to the regulation and control of the city of Chicago," and it is argued that such interstate transactions cannot be regulated by State or municipal authorities. This contention must be sustained, and the ordinance is immaterial. No ordinance which could be passed by the city council could impose a penalty for the purchase of a revolver in New York. There was no evidence as to any sale of the revolver in the city of Chicago or the State of Illinois. If the fact that the package bore the address of the New York firm and the indorsement requiring the collection of $12.40 upon its delivery is regarded as evidence of the purchase of the revolver it would be evidence of a purchase in New York and not in Chicago. Sales of personal property, whether the purchase is by the vendee personally or by letter, are regarded as made at the place where the vendor shows his assent to the proposal by delivering the goods to a carrier for the vendee, in the absence of any agreement of the parties or any special circumstances showing to the contrary. (*People* v. *Hill Top Metals Mining Co.* 300 Ill. 564; *People* v. *Young*, 237 id. 196; *City of Carthage* v. *Duvall*, 202 id. 234.) The conviction of the appellant was in violation of the constitutional provision in regard to the regulation of commerce between the States.

Rule 27 of this court requires the abstract and briefs of the appellant to be filed on or before twenty days before the first day of the term at which the cause will stand for hearing, together with proof of service of copies of such abstract and briefs on the opposite party or his counsel, personally or by mail, and provides that in case either the abstract or brief is not so filed within the time prescribed the judgment of the court below will, on the call of the docket, be affirmed. The appellee argues that the judgment should be affirmed because no proof of service of the appellant's abstract and brief had been filed in the clerk's office. Appellants and plaintiffs in error are required to serve copies of abstracts so as to give ample time to the appellees or

defendants in error to comply with the rule which requires their briefs to be filed by the first day of the term, but the rule does not provide for an affirmance for failure to serve such copies. The appellant's brief having been filed at the prescribed time, if copies were not served on it the appellee would not have been in default for a failure to file its brief on or before the first day of the term and the cause would not have been ready for hearing if the appellee had filed no brief, but the appellee did file its brief on the first day of the term and has lost nothing by the appellant's failure to comply with the rule by filing proof of service of abstract and briefs.

The judgment will be reversed. *Judgment reversed.*