[No. 7638.]

GAULT v. CITY OF FORT COLLINS.

1. MUNICIPAL CORPORATIONS—*Powers.*  Nothing in Rev. Stat. §§ 5036, or 6525 cl. 10, 54, confers power upon a city to compel the owner of a lot on which is standing an unused privy, with no other building or structure, to connect such privy with the public sewer.   (331, 332)

2. ——*Ordinance—Prosecution.* An ordinance provided that "Every privy belonging to any resident etc., located upon any lot abutting upon or near any street or alley through which is a sanitary sewer shall be connected by the owner etc., with such sewer." In a prosecution to recover the penalty prescribed for a violation of this ordinance the court will not consider the regulations of the Board of Health, nor those for the abatement of nuisances.  (332)

*Error to Larimer County Court.*—Hon. FRED. W. STOVER, Judge.

Mr. L. D. THOMASON, for plaintiff in error.

Mr. FRED W. STOW, Mr. HOMER S. STEVENS and Mr. FRANK J. ANNIS, for defendant in error.

Mr. JUSTICE GARRIGUES delivered the opinion of the court:

1.  Defendant was tried and convicted before a jury in the County Court, on appeal from the Police Magistrate's court, for violating an ordinance of the city of Fort Collins, and brings the case here on error. There is no written complaint, and no specifications or bill of particulars was filed, setting forth the facts. The suit was begun upon a summons, which, omitting formal parts, is as follows:

"You are hereby commanded to summon John H. Gault to appear before me at my office, in Fort Collins, Colorado, on the 14th day of July, A. D.

1910, at 10 o'clock A. M., to answer the complaint of the city of Fort Collins for the violation of sec. 26 Ordinance No. 13 passed and adopted by the City Council of said city on the 16th day of Oct., A. D. 1905, for the failure to pay it a certain demand not exceeding three hundred dollars."

As section 26 was the only ordinance introduced in evidence, it is the only one we can consider, and reads as follows:

"Sec. 26.   Every vault or privy, in, upon, or belonging to any residence, factory, mill, warehouse, outhouse, store, office or other building, together with all drainage from bath tubs, sinks, or basins therein located on any lot or lots, or land adjoining to or abutting upon or near any street or alley or other place through which there is a public or district sanitary sewer shall be connected by the owner or owners of such property, or his or their agent or other person having charge of or receiving the rents thereof, with such public or district sanitary sewer.   Each month's failure to comply with the provisions of this section shall be deemed a separate offense, unless the person or persons whose duty it is to make the sewer connections herein provided for shall show good cause, satisfactory to the mayor and city physician why he or they should be excused from the performance of said duty."

The city's evidence shows that on the day the summons issued an outside or open privy, or vault, stood near the alley on the rear end of lot 1, block 23, which was in no manner connected with the sewer.   Defendant admitted he owned the property, that it was within the city limits, and joined streets and alleys through which there was a public sanitary sewer.   The city then rested. The court ruled the only relevant and material question in the case was whether the privy was connected with the sewer, and gave but one instruction to the jury as follows: .

"Gentlemen of the Jury: You are instructed by the court to find the defendant in this action guilty as charged, and you are to fix his fine at such

an amount, not exceeding the sum of one hundred ($100) dollars as in your judgment would seem fit and proper for the violation of this ordinance, under the circumstances set forth in the evidence.''

After the jury retired, they returned into court, and the following conversation occurred:

"Foreman of the Jury: I am up against a proposition: Now we don't understand whether we are bound by the instructions of the court to find the defendant guilty.

"The Court: Those are the instructions you are to follow: The amount of fine is for the jury to fix, but as to the question of guilt you must follow the instructions of the court.''

The jury again retired and returned a verdict finding the defendant guilty, and assessed his fine at $1.00.

2. The laws of 1907, page 599, provide in substance, that the council in cities of the second class shall have power to establish a sewerage system, and, for that purpose, may divide the city into sewer districts, and compel the owners of buildings located in-the district, and the owner of any building located on blocks abutting on any established sewer, to connect with the sewer; that they shall have power to prohibit the keeping or maintaining of any vault, or privy, within the sewer district, or within 400 feet of any established sewer, and shall have power to regulate the construction, maintenance and use of all vaults, closets, privies, and cesspools, within the city limits not within the prohibited districts or proximity of any established sewer.—R. S., 1908, sec. 6564.

The statute delegates to the city four general powers: first, to establish a sewer system and divide the city into sewer districts; second, to compel owners of buildings in a sewer district, or within four hundred feet of a sewer, to connect with the sewer; third, to prohibit privies within a sewer district; and fourth, to regulate, within the city limits, privies not within a sewer district.

The demand is for violating section 26 of ordinance 13, the power to pass which is based on this statute. The power in this regard conferred by statute is to compel owners of buildings to connect them with the sewer. No power is given to compel parties to connect outside vaults or privies with the sewer. The power regarding privies is to prohibit them, within the sewer district, or within 400 feet of a sewer, not to compel them to connect. If not within the prohibited district, the power then is to regulate the construction, maintenance and use of privies. The section of the ordinance relied on, in conformity with the second power conferred, provides in substance that all buildings on any lot or lots adjoining to or abutting upon or near any street or alley or other place through which there is a sewer, shall be connected by the owner, with the sewer. While there are no written pleadings, the gravamen of the complaint is a failure to connect some building or buildings owned by the defendant, with the sewer. The case made by the city's evidence showed there was a privy standing near the alley, on the back end of the lot, not connected with the sewer. The defendant admitted he owned the lot, and that the property was within the sewer district. He then attempted to show it was a vacant lot with no buildings thereon, and the distance to the nearest habitation; but was not permitted to do so. He was also prohibited from showing whether he used the privy, or whether it was used or unused, and if used, by whom. The court held these matters were irrelevant and immaterial, and instructed the jury as a matter of law to find guilty, without allowing them to pass upon any question of fact. This was error.

We are reminded in the city's brief of statutes which confer power upon municipalities to pass such ordinances as shall seem necessary and proper to provide for the safety, preserve the health, promote the prosperity, improve the morals, order, comfort and convenience of the inhabitants of the city. Also to regulate the

construction, use and repair of vaults, also to declare what shall constitute a nuisance, and to abate the same, and to fine parties who shall establish, continue or suffer nuisances to exist. The city may have ordinances based upon these statutes, but in this case none of them were introduced in evidence, for the sufficient reason the demand was for violating section 26 of ordinance 13. Cities of this class may have the power, under the 45th subdivision of powers, to declare a privy in an established sewer district a nuisance *per se,* and to abate it, and fine the party suffering it to exist. But the proceeding would have to be under an ordinance based upon the power conferred by the statute, and the ordinance must provide the manner of abatement. It could not do this on a complaint for violating section 26 of ordinance 13.—*Wolfe v. Abbott,* 54 Colo. 531, 131 Pac. 386.

The statute gives the city sufficient authority to compel all buildings embraced within the power to connect with the sewer. It also confers ample power to prohibit the keeping of any privy within a sewer district, or within 400 feet of the sewer; but this does not mean the city has power to compel one to connect an outside or open privy or vault with the sewer, who does not desire to make the connection. It can prohibit the maintenance and use of the privy, and can fine the keeper and abate the nuisance, if it is a nuisance, and can compel owners of buildings to connect with the sewer. This would seem sufficient power to rid any sewer district of all privies and vaults, and to compel owners to connect all buildings with the sewer.

For illustration: suppose there was a building and an outside open privy used in connection therewith, standing upon a certain lot; that the building burned, leaving the privy standing, could the owner, after the passage of this ordinance, be compelled to connect it with the sewer? Evidently not. No such power is conferred, nor was it attempted to be exercised by this ordinance. While undoubtedly the city would have power to prohibit the keeping of the privy, it would not have

the power to compel the party to connect it with the sewer against his will.—*Philadelphia v. Trust Co.,* 132 Pa. 224, 18 Atl. 1114.

3. The ordinance further provides that each month's failure to connect shall be deemed a separate offense unless good cause, satisfactory to the mayor and city physician, be shown by the person why he should be excused from making the connection with the sewer. It is contended by the defendant that this clause invalidates the whole of section 26 because it delegates power to others to declare whether an ordinance is being violated. It is unnecessary to pass upon this question; but if it can be upheld as lawful, the exception must be uniform in its operation and not go by favors, that is, all persons should have an equal opportunity to show good cause why they should not make the connection. This would seem to imply notice, in order that all be given an opportunity to show good cause why they should not connect. Defendant was prohibited on the trial from showing that he had no notice to connect the privy with the sewer. If he had been notified, and given the opportunity, he might have shown good cause, by showing that he did not want to connect an old privy on a vacant lot with the sewer, and would remove it if allowed. Defendant at the time the summons was ordered, and before it was issued, offered to remove the privy if given a reasonable time, and a few days afterwards cleaned it out, filled up the vault with dirt and nailed a board over the seat. While this may have nothing to do with the suit for violating the section which is in evidence, it goes to show the theory of the prosecution was that if the privy was not connected with the sewer at the time the summons was issued, defendant was guilty as a matter of law, and there was no question of fact for the jury. The proof did not sustain the complaint, and the court might well have taken the case from the jury or submitted it upon proper instructions at the close of all the evidence; but it had no right under the circumstances of this case to instruct the jury as a mat-

ter of law, to find the defendant guilty. The court was mistaken in holding as a matter of law, that merely because the privy was not connected with the sewer, the evidence sustained the demand and defendant was guilty of violating the ordinance.

*Reversed.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE SCOTT concur.

*On Petition for Rehearing.*

GARRIGUES, J. This action is based upon section 26, ordinance 13, requiring that every privy in on or belonging to any building on any lot near, adjoining to or abutting upon any street or alley through which there is a sewer, shall be connected by the owner with the sewer. The defendant was commanded by the summons to answer the city's complaint for violating this ordinance. The offense charged was the failure to connect with the sewer a privy in, upon or belonging to some building. The city's evidence showed an open privy or vault on the rear end of a lot, not connected with the sewer the day the summons issued. Defendant admitted he owned the lot, and the existence of the sewer, and the city rested. Defendant then offered, and attempted to show that it was a vacant lot, unoccupied and with no buildings thereon; that he had no use for the privy and did not wish to maintain it on the vacant lot, and had, since the summons was served, and before the trial, filled up the vault with dirt and nailed a board over the seat. The court ruled at the suggestion of the city attorney, that these matters were immaterial, sustained the objection to the evidence and directed the jury, over the protest of defendant, to return a verdict of guilty. This was error, and we so held.

Counsel who prepared the brief and argument here for the city, cited subdivision 7, page 599, laws of 1907,

as authority for the passage of this ordinance. In the opinion, we said the power conferred by this statute was to compel the owners of buildings to connect them with the sewer; that it conferred no power to compel the connection of an outside open privy like this, on a vacant lot, with the sewer, against the owner's will, that the power was to prohibit privies within sewer districts, and to compel buildings to be connected with the sewer.

On petition for rehearing, a new attorney represents the city, and it is said our opinion is wrong, because the ordinance was passed in 1905 while the statute cited, and relied upon by the city in its former brief, was not passed until 1907. It is now urged for the first time that the power to pass the ordinance was not based upon the laws of 1907, but upon the following statutes: Section 7, page 378, laws of 1893, entitled "Public Health" which provides:

"Sec. 7. Boards of Health in counties, cities, towns and villages are hereby empowered to make such rules and regulations in relation to the care and cleaning of privies and water closets, within such counties, cities, towns or villages as it may deem desirable for the preservation of the health of any of the inhabitants thereof, or such boards may declare any such privy or water closet a nuisance and the abatement thereof be by them ordered and enforced."

Subdivision 54, section 3312, page 971, G. S. 1883, which provides: That cities and towns shall have the following powers:

"Fifty-fourth. To compel the owner of any grocery, cellar, soap or tallow candlery, tannery, stables, pig sty, privy or sewer, or other unwholesome or nauseous house or place, to cleanse, abate or remove the same, and to regulate the location thereof."

Subdivision 10, page 542, laws 1889, which provides, cities and towns shall have power:

"Tenth. To construct and keep in repair culverts, drains, sewers and cesspools, and to regulate their use; and all cities and incorporated towns are authorized to assess either in whole or part, except as hereinafter otherwise provided, the cost of the construction of sew-

ers and drains upon the lot or lots, or lands adjacent to and opposite such improvement, in proportion to the frontage of such lot or lots, or lands, abutting upon the street or alley wherein such sewer or drain is to be laid; *Provided,* That the cost of such sewer or drain at street intersections or crossings shall be wholly paid for by such city or town; *And provided further,* That the benefit to the public generally, if any, shall be assessed against such city or town, and the balance shall be assessed against the lot or lots or lands and the owners thereof, according to frontage as aforesaid, said benefits to be determined as may be provided by ordinance.''

The statute of 1893 empowers boards of health to make rules and regulations as to the care and cleaning of privies, and to declare certain privies a nuisance and to order and enforce the abatement thereof. No power is given the city here by ordinance, to compel a privy like this, to be connected with the sewer. More than this, defendant is not charged with violating rules and regulations of the Board of Health of the City of Fort Collins in this regard. He is charged with failing to connect a building in a sewer district, with the sewer. The statute purports to make the failure to comply with rules and regulations of the board of health, a misdemeanor, punishable under the state laws. The city in this case is seeking to collect a penalty in a civil action for the violation of a specific and definite city ordinance. We are not called to pass upon a violation of the rules and regulations of the Board of Health, nor the abatement in any manner, summarily or otherwise of a nuisance. No such question is before us.

Subdivision 54, G. S. 1883, authorizing cities and towns to regulate the location of privies and to compel the owner to clean, abate or remove any nauseous or unwholesome privy, and the laws of 1889 relating to the construction and repair of sewers and cesspools, does not confer power upon cities or authorize them to compel the connection of buildings with sewers, much less the connection of an open privy like this, standing on a vacant lot. It was the passage of the act of 1907 that gave

power to cities and towns to prohibit all privies in sewer districts, and to compel all buildings in such districts to be connected with the sewer.

*Petition denied.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE SCOTT concur.

Decided May 4, A. D. 1914: Rehearing denied July 8, A. D. 1914.