(No. 12664.—Judgment affirmed.)
THE CITY OF CHICAGO, Defendant in Error, *vs.* H. C. LOST, Plaintiff in Error.

*Opinion filed October 27, 1919.*

1. JUDICIAL NOTICE—*the Supreme Court does not take judicial notice of ordinance.* The Supreme Court does not take judicial notice of a municipal ordinance but the ordinance must be made a part of the record by a bill of exceptions and cannot be shown to the court in any other manner.

2. APPEALS AND ERRORS—*denial of a motion to dismiss writ of error does not cure omission from the record.* A motion to dismiss an appeal or writ of error because of some omission from the record is properly denied where there is a record, properly certified, showing a judgment or decree, as error may be assigned on that part of the record which has been filed, but if it appears on the hearing that the only errors assigned are upon matter not in the record the judgment will be affirmed.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. JOHN STELK, Judge, presiding.

H. C. LUST, for plaintiff in error.

SAMUEL A. ETTELSON, Corporation Counsel, and HARRY B. MILLER, (DANIEL WEBSTER, of counsel,) for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The plaintiff in error, H. C. Lost, was charged in the municipal court of Chicago with knowingly and willfully leaving an automobile stand on a public street of the city of Chicago for a period exceeding thirty minutes, in violation of section 2437 of the revised municipal code of Chicago. On a trial before the court he was found guilty and fined five dollars and has sued out a writ of error from this court to review the judgment.

It is assigned for error that the ordinance under which the plaintiff in error was fined is unconstitutional and void (1) because it unduly discriminates between certain persons of the same class,—namely, the owners or users of motor vehicles; (2) because it is unreasonable, unjust and oppressive, in that no reasonable use is permitted of the streets by the general public between the hours of ten A. M. and four P. M., and because all streets within the district and all alleys are similarly classified, irrespective of the amount of travel on each or lack of travel, and because no such parking privileges between these hours or others are granted to the general public as are granted to the taxi-cabs; (3) because a city has no private property in its streets but holds them solely as trustee for the public, and legally, therefore, cannot grant a monopoly for the use of such streets, or any part thereof, to private interests. It is further assigned for error that the plaintiff in error was not guilty, because he did not himself park the car.

The ordinance which is assailed as in violation of constitutional rights is not contained in the record. This court does not take judicial notice of the ordinances of a municipality but an ordinance must be made a part of the record by a bill of exceptions and cannot be shown to the court in any other manner. (*Stott* v. *City of Chicago,* 205 Ill. 281; *People* v. *Heidelberg Garden Co.* 233 id. 290.) Section 54 of the act creating a municipal court in Chicago requires that court to take judicial notice of all general ordinances of the city but does not require this court to judicially know what they are, and if it did it would be in conflict with section 29 of article 6 of the constitution by providing different procedure and practice on the review of judgments of the municipal court than on the review of judgments of other courts. If the municipal court, with jurisdiction only within the city, may take judicial notice of municipal ordinances, the court can obtain information as to the existence of an ordinance by any method which it

chooses to adopt, and if it should find that a municipal ordinance existed it can make a finding of the fact.

Plaintiff in error seems to consider the question now under consideration as settled by the denial of a motion to dismiss the writ of error. Frequent motions are made to dismiss appeals or writs of error on account of some omission from the record, but if there is a record, properly certified, showing a judgment or decree, such a motion cannot be granted, because error may be assigned on that part of the record which has been filed, and it was so ruled on a motion in this case. If, however, upon the hearing it appears that the errors assigned are upon matters not contained in the record the judgment must be affirmed. The errors alleged concerning the validity of the ordinance can not be considered.

A police officer testified that the car was parked on December 28, 1918, on the west side of Wabash avenue near Jackson boulevard, from 1:00 P. M. to 2:15 P. M.; that the plaintiff in error came to get the car and said he did not leave it there, and was told if he did not, to leave it alone and let the person who did leave it come and get it, but he said it was his car and he intended to take it. The plaintiff in error testified that he did not park the car on Wabash avenue or any other place, but the officer said as long as he was the owner he would serve him with a summons. It does not appear whether the ordinance made the owner of an automobile liable or whether any penalty prescribed was only against the person in possession who left the car on the street.

The ordinance not being in the record there is no assignment of error which could be sustained, and the judgment is affirmed.

*Judgment affirmed.*