**GARDNER v. CAPITAL TRANSIT CO.**
No. 9046.

United States Court of Appeals
District of Columbia.

Argued Nov. 20, 1945.

Decided Dec. 17, 1945.
Writ of Certiorari Denied March 25, 1946.
See 66 S.Ct. 824.

Mr. Burton A. McGann, of Washington, D. C., for appellant.

Mr. Howard Boyd, of Washington, D. C., with whom Mr. Edward B. Williams, of Washington, D. C., was on the brief, for appellee.

Before GRONER, Chief Justice, and CLARK and WILBUR K. MILLER, Associate Justices.

GRONER, C. J.

This is an action brought to recover damages for personal injuries sustained by plaintiff (appellant) as the result of a collision between his automobile and a street car of defendant company (appellee).

Appellant's testimony is that about nine o'clock in the evening, in the month of August, he was driving his automobile along Kenilworth Avenue, in the District of Columbia, with the left front wheel slightly over the rail of the street car track nearest his automobile; that just before the collision he saw a street car before him at approximately a distance of one hundred and fifty feet. It had "no lights whatsoever." He says that when he first saw the car he thought it was traveling in the direction in which he was proceeding, but when about a hundred feet away he realized that it was coming toward him and immediately swerved to the right to avoid being struck, but that he was unable to get far enough away from the track to avoid the collision. The left hand side of the street car scraped the left hand side of the automobile, damaging the left fenders and knocking off the handle of the door. The street car, appellant says, went more than a city block beyond the point of collision, and that this substantiated his opinion that the street car was running at a speed between thirty and thirty-five miles per hour. The other occupants of the automobile testified substantially to the same effect. Plaintiff sustained a serious elbow injury.

Appellee's witnesses denied that the street car was running at a greater speed than fifteen or twenty miles per hour; insisted that it was completely lighted; that the motorman was keeping a proper lookout; and that every proper precaution was taken to avoid the collision.

The jury disregarded appellant's evidence and accepted that of appellee, and accordingly found a verdict in favor of appellee Transit Company.

On this appeal four points are made for reversal—

First: That the trial court erred in refusing to give plaintiff's Instruction No. 1. That instruction, as tendered by plaintiff, told the jury that Kenilworth Avenue is a public highway and that the permission given the Transit Company to operate its street cars over its tracks on the highway did not take away the public character of that portion of the street, nor give to the Company an exclusive right to the use of that portion of the street, and that accordingly it was the duty of the Transit Company to give timely notice to vehicles using the space on which the tracks are laid to enable them to get out of the way of street cars.

A substantially similar instruction was approved by us in Capital Traction Co. v. Crump, 35 App.D.C. 169, except that in that case the broad statement of the right of the public to use the space in the street occupied by the car tracks was qualified to the extent that such use is proper when is arises out of the necessities of traffic. More recently, we have several times added the further statement that street cars have a preferential, though not exclusive, right of way over their tracks. Kelly Furniture Co. v. Washington Ry. & Electric Co., 64 App.D.C. 215, 76 F.2d 985; Washington Ry. & Electric Co. v. Upperman, 47 App.D.C. 219; Washington Ry. & Electric Co. v. Chapman, 62 App.D.C. 140, 65 F.2d 486. And in that view we have said that it is the duty of a pedestrian or the driver of an automobile on or near the car tracks to exercise reasonable care as the street car approaches to get off or keep off the tracks until it passes. In the light of what has just been said, it was obviously the duty of the trial court to instruct the jury as to the respective rights of the street car and the automobile in the circumstances of the case. And that brings us then to consider whether the general charge of the court accurately accomplished this result. The court said:

"Now, in this case the Plaintiff charges that the Defendant was negligent in operating the street car at an excessive speed, in failing to maintain a proper lookout, and in operating the street car without lights in the night time."

And accordingly, if the jury found that the operator of the street car was negligent in any of these respects, they should find for the plaintiff, unless they also found that plaintiff was guilty of contributory negligence; and the court defined negligence as the failure to use that degree of care which a person of reasonable prudence and foresight would exercise under similar circumstances, when confronted with the particular conditions existing as the jury found them from the evidence in the case.

Speaking then as to the respective rights of the parties in the use of the street, the court told the jury that the street car had the right of way and the motorman the right to assume that the plaintiff would yield the right of way, but that while such right of way enjoyed by the street car was a preferential right, it was not an exclusive right and did not relieve the street car Company of the duty to exercise reasonable care to avoid the accident.

We think, on the whole, this was a sufficient instruction on the question covered by appellant's proposed Instruction No. 1.

Second: Plaintiff's proposed Instruction No. 2, which the court refused, would have told the jury that if they believed from the evidence that the street car was, at the time of the collision, being operated at a speed in excess of twenty-five miles per hour, or at a speed that was greater than was reasonable under all the circumstances shown in evidence, the Company would be guilty of negligence, and if such negligence was the proximate cause of the injury, they should find for the plaintiff.

Again, by reference to the general charge, we find that the court did instruct the jury that if they found, as charged in the complaint, that the railway company was negligent in operating the street car at an excessive rate of speed and that such negligence was the proximate cause of the collision, they should find for the plaintiff unless the latter's contributory negligence was affirmatively shown.

■ The ground, it is apparent, on which the court refused to give the instruction in the language in which it was drawn, i. e.—that the Company would be guilty of negligence if its street car was operated at a speed in excess of twenty-five miles per hour—was that there was no proof that a speed in excess of twenty-five miles was unlawful. Appellant argues that the court erred in refusing to take notice of a municipal ordinance of the District of Columbia establishing such a speed limit. We think the trial court was correct, for in the absence of proof of the ordinance, we have often said that municipal ordinances may not be judicially noticed by courts of general jurisdiction, Tipp v. District of Columbia, 69 App.D.C. 400, 102 F.2d 264, and cases cited there. Appellant had ample opportunity, even after denial of the instruction, to have tendered proof of the ordinance, but failed to do so. In the circumstances, the instruction containing references to the speed limit on the public streets of the District under the provisions of a municipal ordinance should have been, as it was, denied.

■ Third: Plaintiff's proposed Instruction No. 3 would have told the jury that it was the duty of the street car operator to keep a diligent lookout ahead and to keep the street car under such control as a reasonably prudent person would do under conditions then existing. Undoubtedly, this is true, and it is equally true that the court in its general charge to the jury told them that it was the duty of the defendant to maintain a lookout at all times as the street car was being operated along the tracks, and that a failure in this respect was negligence for which the defendant would be liable. We think, in reading the whole charge, the jury could not have misunderstood that the law imposed on the railway company the duty of showing to the satisfaction of the jury that its motorman maintained such a lookout as a reasonably prudent person would or should have done in the circumstances then existing.

■■ The second paragraph of the instruction, however, which the court declined to give, we think was correctly denied. It would have told the jury that if the motorman saw a vehicle "a short distance in front of him" and in danger of being struck by the street car, it was his duty to give timely warning of the approach of the car and to have kept the car under such control that it could be stopped in time to avoid a collision. The instruction as thus drawn, we think, would have imposed on the Transit Company a higher duty than is imposed by law in the circumstances mentioned. All that is required of a motorman approaching or overtaking a vehicle on, or in such proximity to, the track as to suggest the danger of collision, is to give reasonable notice of the approach of the car, and so likewise to control its movements, as in the exercise of reasonable care would avoid running over or into it. The proposed instruction states a positive duty to have and to keep such street car under such control that it may be stopped "within a short distance." This is the equivalent of saying that if the motorman "sees a vehicle a short distance in front of him," there is thereby imposed on him the absolute duty to avoid the collision. Such a doctrine not only imposes on the Company the obligation of an insurer, but overlooks the primary obligation of the driver of the

automobile using the portion of the street on which the tracks are laid to use reasonable care to turn out and off the tracks, and likewise the right of the driver of the street car to assume that this will be done. In the Kelly case (supra) we said that the duty of the driver of an automobile on or near the tracks is to exercise reasonable care as the street car approaches to get off and keep off the tracks until it passes, and the reason for this, we said, is that the driver of the automobile may more easily stop or change his course than the operator of the street car.

■ Fourth: Plaintiff's final point is that the verdict is clearly against the weight of the evidence, but it does not so appear to us. As is usually true in cases of this nature, the witnesses disagree as to what occurred immediately prior to the event. It would be going very far on the present record to say, in the face of the verdict, that there was a total absence of proof of negligence on the part of plaintiff. The physical circumstances shown, including the character of damage done to the automobile, tend strongly to indicate such negligence.

■ In any case, it is not our function to weigh the evidence, and the jury having heard the witnesses and reached the conclusion that plaintiff was himself either negligent or contributorily negligent, our duty, in the absence of error of law by the court, is to affirm the judgment.

Affirmed.