## OKLAHOMA RY. CO. v. WILSON.

No. 34080. May 15, 1951.

*231 P. 2d 688.*

Richardson, Shartel & Cochran and F. M. Dudley, Oklahoma City, for plaintiff in error.

Rollie D. Thedford and Milton R. Elliott, Oklahoma City, for defendant in error.

WELCH, J. This action was commenced by Luda Wilson against Oklahoma Railway Company, a corporation, for damages for personal injuries.

Plaintiff charged that defendant, through its servant, was guilty of negligence, the proximate cause of her injuries, in that, at a time when she was a fare paying passenger on defendant's bus, and desired to leave the bus at a certain designated bus stop in Oklahoma City, the driver of the bus brought the bus to a stop on a

slippery and icy street and at a point approximately six feet from the street curb which had been sanded and prepared as an unloading place for passengers; that the bus driver requested the passengers, including the plaintiff, to alight onto the street which was icy and slippery and thereby caused the plaintiff to step onto the icy pavement with a resulting fall and injuries to the plaintiff; that defendant was further negligent in that the bus driver failed to stop and discharge his passengers in the manner and as prescribed by certain sections of a certain ordinance of the city of Oklahoma City.

Defendant for answer denied negligence and charged plaintiff with contributory negligence.

At trial, the plaintiff, in substance, testified that she was a passenger on defendant's certain bus which was driven to a point near her destination; that the bus was stopped in the street approximately 10 to 12 feet from the street curb which was marked and designated as a bus stop; that outdoors generally things were in icy and slippery condition; that there was no car or obstruction in the street between the bus and the curb; that the curb mentioned had been cleaned of ice and was sanded and was not slippery; that upon stopping the bus the driver opened the bus doors and passengers started to alight; that when she stepped down from the bus step to the street on her right foot and had started down with her other foot, she slipped on the icy pavement and fell to the pavement and sustained a broken wrist and other injuries.

The defendant presented testimony to the effect that the bus stopped with the front door approximately 4 feet from the curb and with the rear door approximately 8 feet from the curb; that two automobiles were parked in the bus stop zone; that the street and curb and sidewalk were in the same general icy condition; that plaintiff had left the bus at the front door and then taken several steps when she fell upon the street.

Judgment was for the plaintiff and against the defendant in accord with jury verdict finding for the plaintiff, and fixing the amount of her recovery at a certain sum.

Defendant asserts the verdict and judgment are contrary to the law and the evidence; that there was an absence of evidence of negligence on the part of the defendant, and, hence, the court should have sustained defendant's demurrer to the evidence, or defendant's motion for a directed verdict.

In statute it is provided:

"A carrier of persons for reward must use the utmost care and diligence for their safe carriage." 13 O. S. 1941 §32.

In Muskogee Electric Traction Co. v. Latty, 77 Okla. 156, 187 P. 491, it was said:

"Persons embarking on or alighting from an interurban electric car upon an invitation, express or implied, of the company's agents in charge of such car, are justified in acting upon the assumption that the company has taken proper precautions to insure their safety. One of such precautions is to avoid stopping its cars at places where it is not safe for passengers to embark or alight. . . ."

" . . . it was its duty to exercise at least reasonable care to enable plaintiff to alight with as little danger as practicable, and if the car was stopped, and plaintiff invited to alight, at a place more hazardous than that at which the car might conveniently have been stopped, then the defendant was negligent. The question was properly for the jury."

In G. A. Nichols Co. v. Lockhart, 191 Okla. 296, 129 P. 2d 599, in application of such rules as aforementioned, said the court:

"Since there was evidence in the instant case to show that the bus was stopped at a place somewhat more hazardous than the driveway, a place at

which it may have been conveniently stopped, the defendant could have been guilty of negligence . . . . Whether or not the place where plaintiff was invited to alight was sufficiently hazardous to constitute an element of negligence was for the jury to determine. And the other element of negligence, whether the bus could have been conveniently stopped at a safer place, was likewise for the jury. The evidence on that point was in conflict.

" . . . we feel committed to the rule that the jury must determine whether the place was unsafe in cases of this particular character involving the duties of common carriers toward their passengers. By this we mean to say that when there is evidence to show that the place where the car was stopped was more hazardous than that at which it usually stopped or could have been conveniently stopped on that particular occasion, the jury must determine whether the carrier was negligent in permitting the passenger to alight at that point, and whether the injury sustained was the proximate result of such negligence."

Herein, admittedly the street or place where plaintiff was invited to alight from the bus was hazardous. In the testimony of the plaintiff it was shown that the place or street was more hazardous than the curb and that the bus might have conveniently stopped at the curb. There was testimony to the contrary in reference to the relative conditions of the street and curb and the existence of obstruction as to prevent stopping the bus at the curb, but the question of the weight and value of all the testimony was one for the jury. The defendant here directs attention to photographs of the scene that were introduced in evidence. It is suggested that these photographs reflect physical facts contrary to the testimony of the plaintiff as to compel a disregard of plaintiff's testimony. We have examined the photographs and do not find that they demonstrate beyond room for fair controversy that the relative condition of street and curb was not that as testified to by the plaintiff.

We find that in an acceptance of the plaintiff's testimony as reflecting the true circumstances the jury was justified in finding the defendant guilty of negligence and that plaintiff's injuries were the proximate result of such negligence.

The defendant contends the trial court committed reversible error in giving to the jury instructions No. 7 and No. 8.

In these numbered instructions the trial court set forth in quote what is referred to as provisions of a certain numbered ordinance of the city of Oklahoma City, and advised the jury that violation of an ordinance in the operation of a motor vehicle is negligence per se.

The ordinance mentioned and the provisions thereof quoted are the same as was referred to and quoted in amendment to plaintiff's petition under a charge of violation thereof and as constituting negligence on the part of the defendant.

The record does not reflect that proof was made of the existence of such ordinance, nor was there testimony given in purpose of showing a violation of the ordinance.

In statute it is provided that no judgment shall be set aside by any appellate court on the ground of misdirection of the jury unless it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right. 22 O. S. 1941 §1068.

In Buck Creek Coal Mining Co. v. Johnson, 198 Okla. 664, 181 P. 2d 1003, it is held:

"An instruction which states a correct proposition of law, but which has no application to the issues involved, or the proof, will not warrant a reversal of the case, unless it is apparent that the erroneous instruction probably misled the jury."

The ordinance, as was pleaded and set forth in the instructions, in material substance, and as relates to the facts and circumstances presented by the testimony herein, contained this provision:

"No bus operated upon the streets or roadways of this City shall be permitted to load or unload passengers except at designed bus stops."

In instruction No. 8, following reference to violation of ordinance as negligence per se, the jury was advised that before a person guilty of negligence per se may be held liable in damages therefor, it must appear from a preponderance of the evidence that such negligence per se was the proximate cause of the injuries and damage, if any, sustained.

In other instructions given by the court the jury was advised that the defendant bus company was under duty to exercise the highest degree of care for plaintiff's safety and to stop the bus at a reasonably safe place for the purpose of allowing plaintiff to alight and to the effect that liability arises for injuries sustained as a result of failure to perform such duty; that defendant bus company was liable if the place where the bus was stopped was more hazardous than that at which it could have conveniently stopped and such was the cause of the injuries sustained.

It seems apparent that the jury gave little, if any, consideration to the ordinance set forth and the instruction on negligence per se, or if it did that defendant suffered no prejudice therein, for necessary to a finding that violation of the ordinance was the proximate cause of injury was a finding of a state of facts virtually the same as that necessary to a finding for the plaintiff upon the issue of want of care by defendant resulting in plaintiff's injuries.

Courts do not take judicial notice of city ordinances and it was error for the trial court to herein assume the existence of the city ordinance and to instruct on the consequences of its violation, but, under all the instructions given and the circumstances in proof, it does not appear that the erroneous instruction misled the jury or resulted in a miscarriage of justice.

The judgment is affirmed.

ARNOLD, C. J., LUTTRELL, V. C. J., and CORN, GIBSON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.