## JOHNSON v. CITY OF TULSA.

No. A-11743. June 10, 1953.

(258 P. 2d 695.)

Irvine E. Ungerman and Charles A. Whitebook, Tulsa, for plaintiff in error.

A. M. Widdows, City Atty. and Harry Seaton, Asst. City Atty., for defendant in error.

POWELL, P. J. Lee Johnson, appellant, hereinafter referred to as defendant, was tried before a jury in the municipal criminal court of the city of Tulsa on a charge of leaving the scene of an accident in violation of Section 88 of city ordinance 6217 of the ordinances of 1951 of the city of Tulsa. The jury returned a verdict of guilty, but left the punishment to be assessed by the court, who assessed a fine of $69 and adjudged that defendant serve twenty days in the city jail. Appeal has been perfected directly to this court, as by law provided. Tit. 11 O.S. 1951 § 763.[1] Ordinarily, appeals from municipal courts must be to the county court or court of common pleas where applicable. See Tit. 11 O.S. 1951 §§ 751 to 764. But the municipal criminal court of Tulsa was created by a special act, as will be disclosed by the provisions referred to.

The city of Tulsa has been in default for a brief since July 25, 1952, although appellant on June 25, 1952, filed an exhaustive brief. Where a person charged with the violation of a municipal ordinance is convicted and thereafter perfects an appeal to the Criminal Court of Appeals, it is the duty of the city or municipal attorney to brief the case on behalf of the municipality, as the Attorney General of the State is required to represent only the State of Oklahoma in litigation. Tit. 74 O.S. 1951 § 18b(a).

Concerning the appellant, this court has said that in reviewing a conviction under an ordinance that it would not examine the record where no brief was

[1] And see Sections 782 to 805 of the same Title; and Ex parte Bochmann, 20 Okla. Cr. 78, 201 P. 537; Ex parte Johnson, 20 Okla. Cr. 66, 201 P. 533; Key v. City of Ardmore, 30 Okla. Cr. 8, 234 P. 793.

filed by the appellant. Braun v. Town of Delaware, 37 Okla. Cr. 334, 258 P. 284. Further, in a case like this we are not required to file a written opinion. A summary order is sufficient. Tit. 20 O.S. 1951 § 47. Still, though a reversal would be justified without treatment, we have read the record in this case as well as the brief filed by the appellant, and by reason of proper record being made, we feel that it is in the public interest to settle a proposition of law that does not appear prior hereto to have received the attention of this court. This, in spite of the fact that the specific ground in question has not been urged by appellant in his brief. But such would have been proper.

The charging part of the information reads:

"On or about the 7 day of Nov., 1951, within the corporate limits of the city of Tulsa, Tulsa County, Oklahoma, Lee Johnson, the above named defendant, did then and there unlawfully and wrongfully while in the operation of a motor vehicle which was involved in an accident resulting in property damage to T. J. Fowler and Laura Larkins leave the scene of said accident at Atlanta between 5th and 5th Pl. in the city of Tulsa without stopping said motor vehicle and giving the name and address of said defendant, as required by Sec. 88 of Ord. 6217 of the Ord. of 1951 of the city of Tulsa, Ok , contrary to the form of the ordinances in such cases made and provided and against the peace and dignity of the State of Oklahoma."

To support the charge set out in the information, the prosecution introduced evidence to show that the defendant drove his Cadillac car into a car owned and being operated by one T. J. Fowler and into a parked car owned by Laura Larkins, and his way being blocked, backed his car out and turning on and off his lights sped away. Witness Fowler positively so testified. The officers found the Cadillac abandoned a few minutes after the accident. When the defendant appeared at the police station soon after the accident to report that his Cadillac car had been stolen, witness Fowler promptly pointed him out as the man who had driven that car into his vehicle a few minutes earlier. It was dark and no other witness was able to identify the defendant as the driver of the Cadillac, but Fowler claimed that he had good opportunity to view the driver of the Cadillac when it bumped into the side of his car. We conclude, therefore, that the evidence was sufficient to support the allegations of the information and verdict, insofar as was involved the factual charge that the defendant did drive his car into the vehicles named, and that thereafter he sped away from the scene. Coats v. State, 90 Okla. Cr. 217, 212 P. 2d 141, 214 P. 2d 455.

The court overruled a demurrer of the defendant challenging the sufficiency of the evidence. If judicial notice was taken of the ordinance involved, the record does not so show. More will be said about this later.

The defendant then offered his evidence. He testified and specifically denied that he was driving his car at the time of the collision, but stated that he was riding with a Mr. and Mrs. Oakley at the time, after calling at the home of a Mr. Sewell in an effort to sell Sewell the Oakley Oldsmobile. He claimed to have left his Cadillac parked in front of a T. G. & Y. store and found it gone on return. Defendant produced corroborative evidence, though the time element was very close. The state offered two rebuttal witnesses concerning some collateral matters bearing on the credibility of defendant's statements. We do not deem greater detailed summary of the evidence necessary. Thus the case closed and defendant renewed his demurrer.

The court thereupon instructed the jury, though he failed to instruct on defendant's theory of the case. The defendant did not object to the instructions actually given, or offer any requested instructions, other than that the jury be instructed to return a verdict in favor of the defendant. The action of the court

in overruling the demurrers was assigned as error in the motion for new trial, and also in the petition in error on appeal. The record fails to show that the court actually took judicial notice of the ordinance involved. If he did, and he had the ordinance book available, he could have dictated the provisions of the ordinance into the record to justify his ruling, but failed to do so.

Thus we come to a consideration of a basic and fundamental question that seems necessary for treatment in a solution of this case.

It has been noted that the defendant was charged with the violation of Section 88 of Ordinance 6217 of the Ordinances of 1951 of the city of Tulsa, but the ordinance was not further pleaded in the information, and no evidence was introduced to prove the section of the ordinance in question. This might have been accomplished by a certified copy of such provision, certified by the city clerk of the city of Tulsa. Tit. 12 O.S. 1951 § 493. As indicated, the municipal court, if it took judicial notice of the ordinance, as it apparently did, failed to make findings detailing verbatim the terms thereof. By Tit. 11 O.S. 1951 § 758, it is provided as to cases properly appealable from municipal court to county courts:

"In the trial of said cause in the county court it shall be the duty of the court to try the case in the same manner that it should have been tried before the municipal court, except that upon demand of either party a jury shall be called to try the issues joined in said cause. The ordinance of the city need not be introduced in evidence, and the county court shall take judicial notice of the corporate existence of the city and of the provisions of its ordinances."

There was no stipulation as to the ordinance and wording.

Unless this court may take judicial notice of municipal ordinances the prosecution failed to make out a case against the defendant. There is no statutory provision in Oklahoma requiring the Criminal Court of Appeals to take such notice. In civil actions, the Supreme Court of Oklahoma from the beginning has held that it would not take such notice, but that such ordinances must be proven the same as any other fact. The manner of proof is detailed by Tit. 12 O.S. 1951 § 493, and there is no provision that it is limited to civil cases. See Cunningham v. Ponca City, 27 Okla. 858, 113 P. 919; Bradley v. Renfrow, 184 Okla. 25, 84 P. 2d 430; Firemen's Relief, etc. of Holdenville v Lucas, 189 Okla. 328, 117 P. 2d 112; Barton v. Harmon, 203 Okla. 274, 221 P. 2d 656; Oklahoma Railway Co. v. Wilson, 204 Okla. 488 231 P. 2d 688. Also see Frates v. Eastman, 10 Cir., 57 F. 2d 522.

But for the statutory provision, Tit. 11, § 758, supra, requiring a county court or court of common pleas where applicable and where trying cases de novo, as provided in case of appeal from municipal courts, to take judicial notice of the municipal ordinances that might be involved, we could immediately follow the rule of our Supreme Court without more. But penal ordinances of a municipality are in nature akin to criminal statutes, and the question arises in view of the above statutory provision, as to whether there might not be valid reasons for a different rule in criminal actions as distinguished from civil, or at any rate in a case on appeal from a municipal court.

A municipal court is ordinarily created expressly as a forum for prosecutions for violation of municipal ordinances.[2] It takes judicial notice of the

---

[2] The municipal court of Tulsa as may be seen from Tit. 11 O.S. 1951 § 782, already referred to, has "co-ordinate jurisdiction with the County Court of the County and Courts of Justices of the Peace of the County in all cases wherein a violation of any Statute of this State is charged, where the offense, or misdemeanor, against the laws of the State shall have been committed within the corporate limits of the City, wherein such a court is established."

ordinances of the municipality as the context has hinted.[3] The thought arises as to why the Criminal Court of Appeals by force of such circumstances and the requirements of Tit. 11, § 758, supra, governing appeals to county courts, may not be compelled by the same reasoning to likewise take judicial notice of such ordinances. There is a sharp division of authority among the states on this question. Very forceful logic where a court has taken the view that the appellate court in criminal appeals from municipal courts should take judicial notice of municipal ordinances involved in a solution of the case appealed, is expressed in the case of Orose v. Hodge Drive-It-Yourself Co., Inc., 132 Ohio St. 607, 9 N.E. 2d 671, 673, 111 A.L.R. 954[4] wherein Williams, J., said:

"An ordinance, like a state statute, is matter or fact, except within the jurisdiction of its adoption. In the case at bar the ordinance was matter of law in the municipal court and by what transformation it could become matter of fact in the reviewing courts on appeal is not apparent. If it was law in the trial court, it was law in the reviewing courts below; if it was law there, it is law here. Since the courts are presumed to know the law and take notice of it judicially, it is not required that the ordinance be set forth in the record."

See, also, Moore v. Dresden Inv. Co., 162 Wash, 289, 298 P. 465, 77 A.L.R. 1258; 3 Am. Jur. § 834.

This court in the case of Diehl v. City of Shidler, 78 Okla. Cr. 434, 150 P. 2d 76, had for consideration the question of the admissibility in evidence of a newspaper publication of an ordinance of the city of Shidler that had been certified to by the clerk of said city as a true copy of the original ordinance that had been lost and which had been substituted in the ordinance book for the original. The certifying clerk testified that she was present when the ordinance was enacted and knew it to be a true copy. The parties apparently took for granted the necessity of proving the ordinance and the question of judicial notice was not treated.

The great weight of authority is to the effect that on a review of a municipal court judgment involving only questions of law, the reviewing court may not take judicial notice of an ordinance even though the municipal court was entitled to do so, and accordingly that failure to include the ordinance in the record precludes its consideration by the reviewing court. See 111 A.L.R. at page 964.

Section 493 of Title 12 O.S. 1951, supra, providing for the manner of proof of municipal ordinances would tend to negative the authority of any court not specifically authorized by special statute, to take judicial notice thereof. Section 758 of Title 11 O.S. 1951, settles the question so far as concerns appeals from municipal courts to the county court, and where a trial de novo is had, as we have seen, but it does not settle the question as to this court taking such judicial notice.

And while the logic of the reasoning in Orose v. Hodge, etc., supra, is appealing, we cannot overlook the problem in the practical application of the rule there adopted.

We should keep in mind just what constitutes judicial notice. As stated in paragraphs 13 through 16 of the syllabus to an opinion by the Supreme Court of California in Communist Party of U. S. A. v. Peek, State Secretary, 20 Cal. 2d 536, 127 P. 2d 889, 890:

---

[3] 31 C.J.S., Evidence, § 27, p. 540; 20 Am. Jur. § 37; Orose v. Hodge Drive-It-Yourself Co., 132 Ohio St. 607, 9 N. E. 2d 671, 111 A.L.R. 969; Hill v. City of Atlanta, 125 Ga. 697, 54 S.E. 364; 5 Ann. Cas. 614.

[4] And see note commencing at page 964 of 111 A.L.R. for other cases adhering to such view.

"The doctrine of 'judicial notice' was adopted as a judicial shortcut to avoid necessity for the formal introduction of evidence in certain cases where there is no real need for such evidence.

"Before a court will take 'judicial notice' of any fact, that fact must be a matter of common and general knowledge, well established and authoritatively settled, and the test is whether sufficient notoriety attaches to the fact to make it proper to assume its existence without proof.

"If there is any possibility of dispute of a fact such fact cannot be judicially noticed.

"The power of judicial notice is, as to matters claimed to be matters of general knowledge, one to be used with caution, and if there is any doubt, either as to the fact itself or as to its being a matter of common knowledge, evidence should be required."

And see Black's Law Dictionary, "Notice, Judicial"; and 3 Am. Jur., pp. 375-6.

It seems to us there is a vast distinction between an appellate court taking judicial notice of state statutes[5] and in taking judicial notice of municipal ordinances. In the case of the municipal court, the ordinances of the municipality are strictly limited to the boundaries of the municipality and ordinarily there is but one ordinance book without duplication. In fact, the only publication of the individual ordinance is to comply with the statutory provision for notice necessary to make the adoption effective.[6] So that such ordinances are ordinarily not available to the courts or the public except in the community where adopted. On the other hand, the official state statutes are furnished all the judges and state officials, and the provisions thereof are readily determinable. It would appear that the municipal counsellor or city attorney depending on a city ordinance as a basis for prosecution, is in the same position as a party who depends upon the taking of judicial notice by the appellate court of local customs within the judicial knowledge of the trial court, but where, nevertheless, it has been held such knowledge must in some form be brought up by the record.[7]

The rule that offers a practical solution is well stated, it seems to us, by Davis, C. J., of the Supreme Court of Florida, in Ramsey v. City of Kissimmee, 111 Fla. 387, 149 So. 553, where it is said:

"The rule is that an appellate court will take judicial cognizance of any matter of which the court of original jurisdiction might take notice, where the party relying on the judicial knowledge of the lower court has procured and brought into the appellate court's records, the source of the lower court's judicial knowledge."

It would constitute no great difficulty for municipal or other attorneys to obtain a properly certified copy of ordinances, but would work a great hardship on an appellate court to take the necessary steps to search for such evidence, and tend to delay the processing of the appeal. Such practice would be, under the circumstances, abhorrent to the duties and functions of the court.

If it may be said to be illogical for the appellate court to fail to take judicial notice of an ordinance where the municipal trial court might or must by the law take such notice, it is no more illogical than the use of one rule of evidence in an appeal from a municipal court involving city ordinances and

5 Tit. 12 O.S. 1951 § 487 provides: "The printed statute books of this State of Oklahoma, printed under authority, shall be evidence of the acts therein contained."
6 See Tit. 11, O.S. 1951 §§ 579 to 583.
7 Byrd v. State, 212 Ala. 266, 102 So. 223; Line v. Line, 119 Md. 403, 86 A. 1032. Ann. Cas. 1914D, 192; Slauson v. Goodrich Transp. Co., 99 Wis. 20, 74 N. W. 574, 40 L.R.A. 825; Ann. Cas. 1915-B, 557.

another in an appeal from a court of general jurisdiction, or more properly, one rule of evidence in civil appeals by the Supreme Court of this state and another by this court in criminal appeals.

The presumption that the court knows the law presupposes that the judge has at least had an opportunity to acquire the necessary learning, and this would be unusual indeed in the case of current city ordinances of the various cities of the 77 counties of this State. A city ordinance is more in the nature of a private statute, which to establish always requires proof.

As suggested by Harper, J., in Karchmer v. State, 61 Tex. Cr. R. 221, 134 S.W. 700:

"How are we to pass on its [an ordinance] constitutionality without reading it? How is it to reach us, if not made part of the record? Every time the constitutionality of an ordinance is raised, shall we adjourn court, and go to the city, and ask the secretary to show it to us; and, if not, how are we to obtain it?"

See, also, the reasoning in Wergin v. Voss, 179 Wis. 603, 192 N.W. 51, 26 A.L.R. 933; City of Chicago v. Lost, 289 Ill. 605, 124 N. E. 580; Gault v. City of Ft. Collins, 57 Colo. 324, 142 P. 171; City of Little Rock v. Griffin, 213 Ark. 465, 210 S.W. 2d 915; Marshall v. Lyon, 77 Cal. App. 2d 905, 177 P. 2d 44; State v. Egli, 41 Idaho 422, 238 P. 514; 11 A.L.R. note, p. 959; Tipp v. Dist. of Columbia, 69 App. D.C. 400, 102 F. 2d 264; Gardner v. Capitol Transit Co., 80 U.S. App. D.C. 297, 152 F. 2d 288.

It is our conclusion that in an appeal to this court, where a consideration of a municipal ordinance is necessary for a solution of the case, such ordinance must have been reflected in the record presented, either by the introduction in evidence in the trial court of a certified copy thereof as provided by statute, or set forth verbatim by the municipal court or court trying the case de novo, in its findings, or the provisions agreed to by the parties as to wording and the stipulation entered in the record at trial.[8] Accordingly, herein the municipality failed by its proof to make out a case.

The defendant has urged that the judgment entered by the trial court is void on the ground that the punishment assessed was beyond the jurisdiction of the court in view of the charge set out in the information, and greater than that provided by state statute for such offense. In that this may be determined without reference to the ordinance involved, we shall give the issue consideration.

Our attention is called to Tit. 47 O.S. 1951, The Uniform Traffic Code, and particularly Sec. 121.2(c) and (g), reading:

"(c) The driver of any vehicle involved in an accident resulting only in damage to a vehicle, which is driven or attended by person, shall immediately stop such vehicle at the scene of such accident, or as close therto as possible, and shall forthwith return to, and in every event shall remain at the scene of such accident, until he has fulfilled the requirements of paragraph (d). Every such stop shall be made without obstructing traffic more than is necessary."

"(g) The driver of a vehicle involved in an accident resulting in injury to or death of any person shall immediately, by the quickest means of communication, give notice of such accident to the local police department, if such accident occurs within a municipality, or to the office of the county sheriff or the nearest office of the State Highway Patrol, after complying with the requirements of paragraph (d).

[8] The fact that one of the parties should purportedly quote the exact wording of the ordinance in brief, where not shown in the record, would avail nothing as that would be insufficient for any purpose. The same principle was involved in the case of Estes v. State, Okla. Cr. App., 242 P. 2d 459. And see Ramsey v. City of Kissimmee, 111 Fla. 387, 149 So. 553.

"Provided the provisions of this Section shall not apply to any person who is himself injured in such accident to the extent that he cannot safely and reasonably comply therewith.

"It shall be deemed a misdemeanor and punishable by fine of not more than fifty dollars ($50.00) for the conviction of any person for failure to comply with the requirements of paragraphs (c), (e), (f) or (g)."

It is urged that by reason of the fact that it was not charged in the information that anyone was injured in the accident alleged but only property damage, and nothing alleged or words used to show an aggravated offense, to assess a fine greater than $50 or imprisonment would be in conflict with the above statute, and void.

Irrespective of whether or not the information was or was not in substantially the language of the purported ordinance, on its face it fails to charge the aggravated degree of the offense charged but charges an offense not carrying a jail sentence or a fine greater than $50 under the statutory provisions above quoted. A reading of the information and the above statutory provisions compels this conclusion. A city cannot enlarge in any respect upon the requirements of a state statute. Ex parte Gammel, 89 Okla. Cr. 400, 208 P. 2d 961; Ex parte Pappe, 88 Okla. Cr. 166, 201 P. 2d 260; State v. Coyle, 7 Okla. Cr. 50, 122 P. 243; 11 Am. Jur., Const. Law. § 139; Ex parte Pruitt, 89 Okla. Cr. 312, 207 P. 2d 337; Ex parte Lane, 58 Okla. Cr. 298, 52 P. 2d 1078.

We take notice that the information charges that the accused did "unlawfully and wrongfully" violate Section 88 of Ordinance 6217 "of the Ordinances of 1951 * * *", and it is contended that it thereby charged the minor offense for which the ordinance provides a maximum penalty of $20, including costs; that the ordinance in question, which is not before us, by its terms requires that to charge the aggravated offense, it must be charged that the person "willfully and maliciously" failed to stop. If the provisions of the ordinance would support such contention, the defendant could only be assessed a penalty not in excess of the charge.

There are other errors alleged that seem meritorious, but by reason of the view that we take of this case, these various allegations of error will not be treated.

The judgment appealed from is, accordingly, reversed.

JONES and BRETT, JJ., concur.