Joel H. JOHNSON, Appellant,

v.

The CITY OF TULSA, Appellee.

No. M–75–665.

Court of Criminal Appeals of Oklahoma.

Feb. 12, 1976.

Rehearing Denied March 3, 1976.

Ronald H. Mook, Tulsa, for appellant.

Michael J. Fairchild, Asst. City Prosecutor, Tulsa, for appellee.

## OPINION

BUSSEY, Judge:

Appellant Joel H. Johnson, hereinafter referred to as defendant, was charged, tried and convicted in a Municipal Court of Record of the City of Tulsa for Failure to Prevent Dog From Running At Large in violation of Title 2, § 2(b), Municipal Ordinances of the City of Tulsa. His punishment was fixed at a fine of Twenty-five ($25.00) Dollars, and from said judgment and sentence a timely appeal has been perfected to this Court.

As the charge upon which the defendant was convicted was based upon a city ordinance, it is necessary that the ordinance be properly presented to this Court in order to consider the same on appeal. This Court has consistently held that on a review of a municipal court judgment, this Court will not take judicial notice of an ordinance involved, even though the municipal, or other trial court, was entitled to do so.

A careful and complete search of the case made reveals that the city ordinance upon which the defendant was convicted, was not properly included. The law is clear as to the manner in which it should have been accomplished.

"Such ordinance must be reflected in the record, either by way of introduction in evidence in the trial court in accordance with and as provided by 12 O.S. (1951) § 493, or set forth verbatim by the municipal court or court trying the case de novo, during trial, or in its findings, in judgment rendered, or the wording must have been agreed to by the parties and stipulation entered in the record during the trial."

See *Allen v. City of Tulsa*, Okl.Cr., 363 P.2d 382 (1961).

This Court has searched the record in vain for some indication of compliance with the above mentioned requirements. Since the ordinance was not properly presented to this Court, the case is reversed and remanded for a new trial.

BRETT, P. J., and BLISS, J., concur.

### ON REHEARING

BUSSEY, Judge:

Appellee, The City of Tulsa, has filed a Petition for Rehearing in the above styled and numbered cause. In its Petition for Rehearing, Appellee argues:

"As reflected by the Official Transcript, Page 3, the Prosecution and the Defense stipulated as to the wording of the ordinance in open court, hence the Prosecution met its burden in making out a case at trial as required by *Johnson v. City of Tulsa.* (Okl.Crim. 258 P. 22, 695, at P. 701 [sic] [1].

"While this stipulation admittedly is not sufficient for appellate purposes, it is the contention of the appellee that the burden of insuring that the certified copy of the appeal [sic] [2] was included in the appeal records rested solely in the appellant.

"In support of this contention, appellee would cite the Court's Rule 2.11(A), '. . . PROVIDED, FURTHER, that the ultimate responsibility for the content of the appeal records filed in this Court rests with the attorney perfecting the appeal and not with the court clerk regardless of the method chosen for transmission of said records to this Court.' [22 O.S.A. Chapter 18, App.Rule 2.11 (A)]"

■ Appellee's statement that counsel for defendant below stipulated to the wording of the ordinance is misleading. The stipulation referred to appears in the transcript at page 3, as follows:

"MR. MOOK: Yes, we also stipulate to the ordinance to save the necessity of proof of that, which is required. With you [sic] permission, we don't need it read into the record. I've read it, and I believe it would be a constitutional agreement."

Although this language was used, nothing in the record reflects the wording of the ordinance which MUST appear in the record even if a stipulation has been made. It should have been stipulated to and a copy of the ordinance made a part of the court's record at the time of the stipulation. Appellee properly recites the provision of Rule 2.11(A) of this Court, but this rule has no application in appeals from municipalities which involve the wording of a specific ordinance under which the prosecution is laid. It is the duty of the municipality to see that the ordinance is in the record, for we cannot take judicial notice of the ordinance. Such has been our holding in previous cases.

■ To clarify the requirements that the prosecuting authorities of a municipal court of record must meet in order to preclude a reversal by this Court, they MUST incorporate the wording of the specific ordinance under which the prosecution is laid, even when a stipulation has been entered. In the absence of a stipulation as to venue, they must establish that the violation of the city ordinance occurred within the corporate limits of the munic-

---

1. *Johnson v. City of Tulsa*, 97 Okl.Cr. 85, 258 P.2d 695, at p. 701.

2. Ordinance.

ipality and that the court had venue over the subject matter. However, the necessity of proving venue and establishing the location at which the violation of a municipal ordinance occurred, need not be established by the introduction of the ordinance establishing the city limits when both parties agree, or stipulate, that the offense occurred within the corporate limits of a municipality.

All cases in conflict with this decision are hereby expressly overruled, and the opinion heretofore entered herein is reaffirmed, and the Clerk of this Court is directed to issue the Mandate forthwith.

Petition for rehearing denied.

BRETT, P. J., and BLISS, J., concur.