Kenneth Dwayne HAYES, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–77–236.

Court of Criminal Appeals of Oklahoma.

July 20, 1977.

See also Okl.Cr., 566 P.2d 1172.

Coy H. McKenzie, Norman, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Jerry Earl Benson, Legal Intern., for appellee.

## OPINION

BRETT, Judge:

Appellant Kenneth Dwayne Hayes, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Cleveland County, Case No. CRM–76–1610, for the offense of Resisting Executive Officer, in violation of 21 O.S.1971, § 268. His punishment was fixed at a term of three (3) months in the County Jail, all but twenty (20) days in jail suspended, and a fine of One Hundred Fifty Dollars ($150.00). Both the fine and jail time were to run concurrently with the sentence imposed in Case No. CRM–76–1310.

The information alleges that defendant did:

". . . wilfully, knowingly and wrongfully resist by the use of force and violence one _ _ _ police officer in the performance of his legal duty in arresting [defendant] for the offense of curfew violation . . . .."

Defendant contends that the trial court erred in overruling his demurrer to the State's evidence. In support of this contention, defendant argues that the evidence in this case is not sufficient to establish the lawfulness of the arrest for violation of the curfew ordinance, and that defendant was therefore justified in resisting the officer. In Oklahoma, under some circumstances, a person may reasonably resist an unlawful arrest. See, *Davis v. State,* 53 Okl.Cr. 411, 12 P.2d 555 (1932); *Walters v. State,* Okl.Cr., 403 P.2d 267 (1965). If the arrest for curfew violation was unlawful, then defendant's resistance to such arrest may have been warranted. To determine the threshold issue of the lawfulness of the arrest, however, it is necessary to examine the provisions of the ordinance; a search of the record reveals that the ordinance was not entered. When consideration of a municipal ordinance is necessary for the solution of a case, the Court of Criminal Appeals will not take judicial notice of such ordinance. *Johnson v. City of Tulsa,* 97 Okl.Cr. 85, 258 P.2d 695 (1953).

The law is clear on the manner in which the ordinance should have been entered into the record.

"Such ordinance must be reflected in the record, either by way of introduction in evidence in the trial court in accordance with and as provided by 12 O.S.1951, § 493, or set forth verbatim by the municipal court or court trying the case de novo, during trial, or in its findings, in judgment rendered, or the wording must have been agreed to by the parties and stipulation entered in the record during trial." *Johnson v. City of Tulsa,* Okl.Cr., 546 P.2d 1021, 1022 (1976).

If one of the three methods set out above is not used, the ordinance is not properly before this Court on appeal. *Goomda v. City of Oklahoma City,* Okl.Cr., 506 P.2d 991 (1973).

Furthermore, as a District Court may not take judicial notice of a municipal ordinance either, the trial court improperly overruled defendant's demurrer. Therefore, the judgment appealed from is hereby

*REVERSED AND REMANDED WITH INSTRUCTIONS TO DISMISS.*

KENNETH DWAYNE HAYES, appellant, was charged and convicted for the offense of Resisting Executive Officer; sentenced to three (3) months in the County Jail, all but twenty (20) days in jail suspended, and a fine of One Hundred Fifty Dollars ($150.00), both the fine and jail time were to run concurrently with the sentence imposed in Case No. CRM–76–1310, and he appeals. Judgment and sentence REVERSED AND REMANDED WITH INSTRUCTIONS TO DISMISS.

BUSSEY, P. J., concurs.