### PAT ELLIS v. STATE.

No. A-1339.    Opinion Filed January 18, 1913.

(128 Pac. 1095.)

1.  **APPEAL AND ERROR**—Record—Index. It is the duty of counsel for an appellant in preparing a case-made or transcript of the record to attach to it an index to all material portions of such case-made or transcript of the record.

2.  **SAME**—Briefs—Reference to Record. In preparing a brief, it is the duty of counsel for an appellant to cite the page of the transcript of the record which they rely upon to support an assignment of error.

3.  **EVIDENCE**—Admissions—Silence. A person held in custody on a charge of crime is not called upon to contradict statements prejudicial to him made in his presence by another, and, though such statements were not contradicted by such person, they are not admissible in evidence against him.

(Syllabus by the Court.)

*Appeal from Superior Court, Pottawatomie County;*
*George C. Abernathy, Judge.*

Pat Ellis was convicted of manslaughter in the second degree, and appeals. Reversed, and remanded for new trial.

*Carr & Field,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, J. First. It is the duty of counsel for an appellant in preparing a case-made or transcript of the record to at-

tach to it an index of all it contains, and this index should contain the name of each witness and the page upon which his testimony will be found. This was not done in the case now before us, and has caused a great waste of time to the court in preparing the opinion. It is also the duty of counsel for an appellant in preparing their briefs to cite the page of the transcript of the record upon which they rely to support their assignments of error. This was not done in the brief now before us. We have, therefore, been compelled to waste several hours in hunting through the transcript of the record to verify statements made in the brief. We call the attention of all lawyers in Oklahoma to this matter. No transcript of the record or brief is complete which contains these omissions. It is the duty of counsel for an appellant to assist the court, and not so prepare their transcripts of the record and briefs as to give the court additional and unnecessary labor.

Second. We will only discuss one question presented in the brief of counsel for appellant. George Layton was a witness for the state. Upon the trial, among other things, he testified that on the night after the homicide Sam Hartshorne and himself as officers placed the appellant, Pat Ellis, and his co-defendant, Will Byars, under arrest, and carried them in a two-seated hack to the town of Wanette; that appellant and Hartshorne sat on the front seat of the hack, and that Will Byars and the witness sat on the back seat of the hack; that while they were on the road the following occurred: "A. Bill Byars said, 'I do not see what made that fellow do that shooting—kill Mr. Snap;' and I said, 'What fellow are you talking about?' and he said, 'Pat Ellis.' Q. What did Pat say to that? A. He made no reply." To all of which counsel for appellant objected and excepted at the time. This evidence was undoubtedly admissible as against Will Byars, but its admissibility against Pat Ellis presents an entirely different question.

Wharton on Criminal Evidence, sec. 680, lays down the rule as follows:

"To give silence, however, effect as an admission, the party charged with it must have been in a position to explain. Before acquiescence in the language of others can be used or as-.

sumed as a confession of the truth of any particular statement or the existence of any particular fact, it must plainly appear that the language was heard and the conduct understood. Thus neither a person asleep nor when intoxicated, or a deaf person, can be in this way prejudiced by statements made in his presence, * * * nor can silence when a party is under arrest."

Judge Hurt, of the Court of Criminal Appeals of Texas, in the case of *Gardner v. State,* 34 S. W. 945, states the rule as follows:

"A person held in custody on a charge of crime is not called upon to contradict statements prejudicial to him, made in his presence by another person, in answer to inquiries made by an officer; and such statements, though not contradicted by him, are not admissible in evidence against him."

And, after reviewing the authorities, says:

"We deem the authorities sufficient to support the rule that, if the party is under arrest, silence cannot be used to support the hypothesis of consent to statements made in his presence by others."

Even if it be admitted that the appellant heard the statements of Will Byars, of which there is no proof, we do not think that the statements of Will Byars under the circumstances should be admitted as evidence against appellant. Our Constitution provides that:

"No person shall be compelled to give evidence which will tend to incriminate him, except as in this Constitution expressly provided." (See section 29, Williams' Const. of Okla.)

If it be admitted that, while a person is under arrest, his failure to reply to statements made in his presence can be construed as an admission of the truthfulness of such statements, then the state would be able to do indirectly what the Constitution expressly provides it shall not do directly. This question was practically decided in the case of *Gillespie v. State,* 5 Okla. Cr. 546, 115 Pac. 620, 35 L. R. A. (N. S.) 1171, Ann. Cas. 1912D, 259. In that case this court said:

"To permit a demand to be made on a defendant in a criminal case, in the presence of a jury, to produce a paper or document referred to, containing incriminating evidence against him, is a violation of the immunity secured to him by section 21 of article 2 of our Constitution, providing that no person in a crim-

inal case shall be compelled to give evidence against himself which will tend to incriminate him, even though no order for the production of the paper is made."

See, also, *Vaughn v. State*, 7 Okla. Cr. 685, 127 Pac. 264.

We think that this is decisive of this case. The illegal evidence admitted was material and went directly to the question of the guilt of appellant, and could not, if believed by the jury, have done otherwise than resulted in his conviction. Its admission could not therefore be regarded as harmless error.

For the error above pointed out, the judgment of the lower court is reversed, and the cause is remanded for a new trial.

ARMSTRONG, P. J., and DOYLE, J., concur.