## TWIST *et al.* v. COLONIAL TRUST CO. *et al.*

No. 5929.    Opinion Filed June 6, 1916.

(158 Pac. 938.)

1. **PLEADING—Verified Denial—Execution of Contracts.** In a suit by P. to foreclose a mortgage, L. answered, denying the validity thereof and alleging that D., the mortgagor, had subsequently conveyed the mortgaged land to B., who thereafter had mortgaged the land to her. She assailed the validity of P.'s mortgage, set up the deed and mortgage, and prayed that the latter be foreclosed as a prior lien upon the land. W. Company answered that, since the execution of said deed to B., it had acquired a judgment lien on the land and asked that the same be enforced. C., administrator of the estate of D., answered that the deed from D. to B. was a forgery, and H. answered the same thing, and that he was the owner of the land. **Held,** that the answers of C. and H., being unverified, admitted the execution of the deed from D. to B. and that the court erred in holding that the burden of proof on the issue of forgery was on those setting up the deed, and in excluding a certified copy thereof from the evidence, and in sustaining demurrer to the evidence.

2. **SAME—Actions.** As used in Rev. Laws 1910, sec. 4759, providing that, in all actions, allegations of the execution of written

instruments and indorsements thereon duly verified by the affidavit of the party shall be taken as true, unless the denial of the same be verified by the affidavit of the party, his agent, or attorney, the words "in all actions" include actions on cross-petitions, "the same" means execution, and "the party" means the party making the denial.

(Syllabus by the Court.)

*Error from District Court, Creek County;*
*Ernest B. Hughes, Judge.*

Action by the Colonial Trust Company, a corporation, against F. N. Counrod, administrator of the estate of Elizzie Davis, deceased, and others. From the judgment, defendants Leoria L. Twist and others bring error. Reversed for new trial.

*E. Robitaille, Martin & Moss,* and *J. J. Henderson,* for plaintiffs in error.

*Biddison & Campbell* and *O. S. Booth,* for defendants in error.

TURNER, J. On September 30, 1912, in the district court of Creek county, the Colonial Trust Company, a corporation, defendant in error, sued F. N. Counrod, administrator of the estate of Elizzie Davis, deceased, and others, the object of which suit was to foreclose a real estate mortgage executed by the said Elizzie Davis. The petition substantially states that on May 12, 1909, one Elizzie Davis made, executed, and delivered to one Leander Lane her promissory note for $1,500, payable May 12, 1912, with interest, and secured the same by a mortgage on certain real estate therein described; that on May 10, 1910, Lizzie Davis died and the defendant F. N. Counrod qualified as her administrator; that said Lizzie Davis was otherwise known as Lizzie Martin and as Lizzie Redmon; that on June 12, 1909, Lizzie Davis

conveyed the mortgaged land by warranty deed to the defendant C. F. Buzzi; who, together with his wife and Leoria L. Twist, Frank S. Foster, John F. Hayden, the Waldron-Elliott Company, and R. H. Denton, claimed some interest in the land, alleged to be inferior to that of plaintiff's mortgage. The petition further states that on May 17, 1910, Leander Lane, for a valuable consideration, sold and by indorsement transferred and conveyed the note and mortgage sought to be foreclosed to plaintiff; that said mortgage is due and payable by reason of condition broken, and prays that the same be foreclosed. The note and mortgage are filed as exhibits to the petition and are signed "Elizzie Davis."

On November 10, 1912, Leoria L. Twist answered, and, after general denial, admitted the corporate existence of plaintiff, the execution, delivery, and assignment of the note and mortgage sought to be foreclosed by Elizzie Davis to plaintiff, as stated, but alleged that the mortgage was without consideration, and for that reason had no effect against her; that after the execution and delivery thereof, Elizzie Davis, to whom the land was allotted as Elizzie Redmon, sold and conveyed the mortgaged premises by warranty deed, dated June 12, 1909, a copy of which she files as an exhibit, signed by her "Elizzie Davis, nee Martin," to C. F. Buzzi, who took possession and thereafter joined with his wife in a mortgage of the land to her, dated August 7, 1909, payable one year after date, for $2,000, and which, by way of cross-petition, she set up, alleged condition broken, prayed that the same be declared a first lien upon the property and foreclosed, and filed the same as an exhibit thereto.

Thereafter Buzzi and his wife answered, and after general denial, admitted that Elizzie Redmon was the

owner of the allotment; alleged she and Elizzie Davis, *nee* Martin, were one and the same person; admitted that she, on May 12, 1909, executed the note and mortgage sought to be foreclosed to Leander Lane and its assignment to plaintiff, but alleged that the same were without consideration and void as to them. They further alleged that on June 12, 1909, Elizzie Davis conveyed said land by warranty deed to Buzzi, the husband, which deed they file as an exhibit, and that he and his wife joined in a mortgage thereof to Leoria L. Twist for $2,000, payable one year after date; that the same was due and unpaid, as stated by Leoria. They further alleged that Buzzi, on January 6, 1912, for value, conveyed to R. H. Denton, by warranty deed, the land in controversy.

On October 12, 1912, John A. Hayden answered, and, after a general denial, admitted the execution by Elizzie Davis of the note and mortgage sought to be foreclosed, but says, for the reason that the same were without consideration, the mortgage is void as to him. By way of cross-petition, he further alleged that he was the owner of the land and in possession; that plaintiff and the other defendants claim some interest therein adverse to his title, and prayed that same be removed as a cloud. Later, by answer to the answer and cross-petitions of Twist and the Buzzis, he alleges the deed from Elizzie Davis to C. F. Buzzi of June 12, 1909, was a forgery, but the same was unverified.

On October 19, 1912, F. N. Counrod, as administrator of the estate of Elizzie Davis, answered and, after general denial, admitted the execution of the note and mortgage sought to be foreclosed, but stated that the same were without consideration; also, that the mortgage executed by Buzzi and his wife to Leoria L. Twist was void

for the reason that the deed from Elizzie Davis to Buzzi was a forgery and conveyed to them no title to the land. He further alleged that the claim of the Waldron-Elliott Company on the lands was void for the same reason, and prayed that the note and mortgage sought to be foreclosed and the note and mortgage executed by Buzzi to Leoria L. Twist be canceled and set aside, and that the Waldron-Elliott Company's claim against the land be declared void, and for general relief. The answer was unverified.

On October 24, 1912, the Waldron-Elliott Company answered, admitting the death of Elizzie Davis; that Counrod was her administrator; that Elizzie Davis, Elizzie Martin, and Elizzie Redmon were one and the same person; that she conveyed the land in question to Buzzi as alleged; admitted the execution of the note and mortgage sought to be foreclosed, but stated the same were without consideration; denied the same were assigned to plaintiff for value; denied that plaintiff was a *bona fide* holder thereof, and denied every other allegation in the petition. For further answer and cross-petition, they set up a lien upon the land in virtue of a judgment in their favor rendered and entered in the district court of Tulsa county on April 24, 1911, against C. L. Buzzi for $700, which, by filing a transcript thereof with the clerk of the district court of that county, which, they say, was done, became a lien upon the land in controversy; alleged that Buzzi was the owner of the land at that time; that they are the owners of the judgment, and prayed that the same be declared a prior lien upon the land and foreclosed. Denton and Foster defaulted. After issue joined by replies all around, there was trial to a jury, after one Parmenter had been substituted as party plaintiff for the

Colonial Trust Company, on the issues raised by the cross-petitions of Buzzi and his wife, Leoria L. Twist, and Waldron-Elliott Company, and at the close of the evidence, on demurrer thereto by Hayden, a judgment was rendered and entered by the court that they take nothing by their suit; to reverse which they bring the case here, making the Colonial Trust Company, or Parmenter, and Counrod and Hayden parties defendant in error. How Hayden obtained his interest in the land does not appear; nor does it appear that any judgment was rendered or entered for or against the plaintiff, Colonial Trust Company or Parmenter, its substitute. And, although Leoria L. Twist, by way of cross-petition, set up and relied upon a deed to the land in question and alleged that the same was executed and delivered by Elizzie Davis to Buzzi, as the foundation of the lien of her mortgage of $2,000 from the Buzzis to her which she also set up and sought to have declared the prior lien upon the land, and the Waldron-Elliott Company also relied upon said deed as the foundation of their judgment lien, and although no one but Hayden and Counrod, as administrator of Elizzie, alleged that said deed was a forgery, and their answers were unverified, when a certified copy of said deed was offered in evidence by the cross-petitioners, the court excluded it, holding, in effect, that the execution of the deed ·by Elizzie Davis was in issue, and that the burden of proof to show that it was not a forgery was upon those offering ·it. And when they failed to sustain the burden by their proof, the court, on demurrer to the evidence, sustained it and decreed that they take nothing by their suit.

The court was wrong. The execution of the deed by the allottee, Elizzie Davis, was not in issue, but was

admitted, as alleged, for the reason that neither the answer of Hayden nor that of Counrod was verified. The statute (Rev. Laws 1910, sec. 4759) provides:

"In all actions, allegations of the execution of written instruments and indorsements thereon, or the existence of a corporation or partnership, or of any appointment of authority, or the correctness of any account duly verified by the affidavit of the party, his agent or attorney, shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent, or attorney."

Which is plain and unambiguous and means what it says, which is, that "in all actions," which include actions upon cross-petitions as here, "allegations of the execution of written instruments * . * * shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent, or attorney." Of course, denial of "the same" means denial of the execution; and verified by the affidavit of "the party" means the party making the denial. It is unnecessary to cite authority in support of so obvious a construction. However in *Commonwealth Nat. Bank of Dallas, Tex., v. Baughman*, 27 Okla. 175, 111 Pac. 332, construing this section, in the syllabus we said:

"In an action on a note by the assignee under a written endorsement executed before maturity indorsed on a note, where a copy of the note and the indorsement thereon is attached to plaintiff's petition as an exhibit, and the original note and indorsement is introduced in evidence, and the answer of defendant is not verified by his affidavit, the execution of the note and the indorsement is admitted; and it is error to instruct the jury, under such circumstances, that the burden is upon plaintiff to establish the execution of the note and of the indorsement before maturity."

It will not do to say that, for the reason it was not the best evidence, the court did right in excluding the certified copy of the deed offered in evidence; the absence of the original being unaccounted for. This, for the reason that the evidence was not objected to on that ground; the objection reads:

"We object as incompetent, irrelevant, and immaterial, for the reason that the title is not established to the property in controversy; the instrument appears to be executed by one Eliza Davis, nee Martin, and not by the holder of the title; she never was the owner of any title in this property."

Besides, if evidence of the deed further than said admission of the execution was necessary, as it sufficiently appeared by subsequent evidence that the original was not in the possession or under control of the parties offering it, the court should have let it in pursuant to Rev. Laws 1910, sec. 5115, which reads:

"The books and records required by law to be kept by any county judge, county clerk, county treasurer, register of deeds, clerk of the district court, justice of the peace, police judge, or other public officers, may be received in evidence in any court; and when any such record is of a paper, document, or instrument authorized to be recorded, and the original thereof is not in the possession or under the control of the party desiring to use the same, such record shall have the same effect as the original; but no public officer herein named, or other custodian of public records, shall be compelled to attend any court, officer, or tribunal sitting more than one mile from his office with any record or records belonging to his office or in his custody as such officer."

And section 1170, which reads:

"All instruments affecting real estate, and executed and acknowledged in substantial compliance herewith,

shall be received in evidence in all courts without further proof of their execution; and in all cases where copies or other instruments might lawfully be used in evidence, copies of the same, duly certified from the records by the register of deeds, may be received in evidence; and, if the same need not be recorded to be valid for the purpose for which such evidence is offered, a copy duly verified by oath or affidavit of any person knowing the same to be a true copy, may be received in evidence."

Not only that, but the court further erred in refusing to admit in evidence the note and mortgage of Leoria L. Twist, also the transcript of the judgment of Waldron-Elliott Company, set up in their respective cross-petitions.

Reversed for a new trial.

All the Justices concur.