CITY OF TULSA, Plaintiff in Error,

v.

James ELIAS, Defendant in Error.

No. A–12490.

Criminal Court of Appeals of Oklahoma.

Oct. 9, 1957.

Rehearing Denied Nov. 6, 1957.

Darven L. Brown, City Atty., Robert N. Wilde, Asst. City Atty., Tulsa, for plaintiff in error.

Pat Malloy, Rooney McInerney, Tulsa, for defendant in error.

BRETT, Presiding Judge.

This is an appeal by the City of Tulsa on a reserved question of law. The defendant was charged by information in the Municipal Court of Tulsa, Oklahoma, with the operation of a commercial business in a restricted residential area within the five-mile perimeter of the corporate limits of the City of Tulsa, Oklahoma. To the charge the defendant filed a motion to dismiss said action for the reason that the Municipal Court was without jurisdiction to entertain the prosecution. The charge was based on a city ordinance purportedly enacted by the City of Tulsa under the provisions of 19 O.S.1955 § 863.28, extending the planning and zoning jurisdiction of the City of Tulsa five miles beyond the corporate limits of the city. The trial court sustained the motion on the ground that the territorial jurisdictional limits of the Municipal Court of the City of Tulsa was fixed by 11 O.S.1951 § 782, limiting the jurisdiction to the corporate limits of said city, and said court was without jurisdiction, and that there was a conflict in the statutes.

Under the provisions of 19 O.S.1955 § 863.1, a prerequisite for the Municipal Court's exercise of jurisdiction to the five-mile perimeter is that the city must bring itself within the provisions of the city and county zoning statute by adopting, amending, extending, and adding to or carrying out a city plan for such city and surrounding territory as lies within the five-mile boundaries of such city as provided in 19 O.S.1955 § 863.2 and also as provided in 19 O.S.1955 § 863.3, by proper ordinance dissolving and discontinuing its city planning commission.

 No such ordinances appear in this record. They are prerequisite for the consideration of the reserved question. We cannot assume such ordinances have been adopted or take judicial notice thereof. Johnson v. City of Tulsa, 97 Okl.Cr. 85, 258 P.2d 695, wherein it was held that this Court will not take judicial notice of an ordinance involved on an appeal. The reason for such holding in the instant case is obvious for we would have no right to resolve the reserved question until it is established the city had brought itself within the statutes herein involved.

The appeal is accordingly dismissed.

POWELL and NIX, JJ., concur.