Desmond, J.
The People appeal here by leave from a reversal by the Appellate Part of the Court of Special Sessions, New York City, of a conviction of defendant, in a Magistrate’s Court, of five alleged violations of section 532-11.0 of the New York City Administrative Code and section 60 of the Rules and Regulations of the New York City Department of Parks. The alleged violations, which were amply established by the proof, consisted of the unlawful construction, within a restricted area and without a permit, of parts of a building. The complaints in the Magistrate’s Court charged that defendant had done these unlawful acts. The grounds for the reversal were two: first, that the record did not establish that the violations were committed on the precise date alleged in .the pleadings, and, second, that there was no sufficient proof that defendant was the owner of the property on that date.
*684 As to the first ground, it is enough to say that these continuing violations were clearly shown to have existed before and after the date alleged.
As to the second ground for reversal, we find in this record sufficient proof of ownership by this defendant as of the critical date. That fact was established by putting in evidence a deed to defendant of these premises, which deed was dated and recorded several years before the violations. Under the well-established presumption of continuance of ownership that proof was sufficient (see Wilkins v. Earle, 44 N. Y. 172, 192, and see Nehasane Park v. Lloyd, 25 Misc. 207, 211, affd. without mention of this point at 45 App. Div. 631 and 167 N. Y. 431; Richardson on Evidence [7th ed.], § 78). And that, of course, is the customary way of establishing prima facie the ownership of real property (see Civ. Prac. Act, § 384; Code Crim. Pro., § 392, 1st sentence; 3 Abbott’s Trial Evidence [4th ed.], pp. 1208, 1227, 1347; 2 Warren’s Weed on New York Real Property, § 7.02, p. 324). Defendant never in any manner at the trial suggested that this proof was not sufficient or that he was contesting the issue of ownership, and it was not until appeal that he made this point for the first time. We think it quite unreal to reverse a conviction on such a ground, particularly since there is other evidence in the record that defendant was the owner in 1952, about a year before these violations.
On this appeal defendant asserts other arguments against the validity of the convictions but we have examined all of these points and find that none of them is sustained.
The order should be reversed and the judgments of conviction reinstated.
Chief Judge Conway and Judges Dye, Fuld, Froessel and Van Voorhis concur; Judge Burke taking no part.
Order reversed and judgments of the Magistrate’s Court reinstated.