James ELIAS, Plaintiff in Error,

v.

CITY OF TULSA, Oklahoma, Defendant in Error.

No. A–12733.

Court of Criminal Appeals of Oklahoma.

July 29, 1959.

Pat Malloy, Tulsa, for plaintiff in error.

Darven L. Brown, City Atty., Robert N. Wilde, City Prosecutor, Tulsa, for defendant in error.

BRETT, Judge.

This is an appeal by James C. Elias from a conviction based upon an information filed against him in the Municipal Criminal Court of Tulsa, Oklahoma. Said information charged that James C. Elias did on or about and prior to February 1, 1958, own and operate property at 2905 East 51st Street in Tulsa County, Oklahoma, for commercial purposes, same being within the U-1C restricted residential district and said use allegedly being in violation of Title 32, Sec. 2, Revised Ordinances of 1945 as amended by Ordinance 7937. He was tried by the Municipal Criminal Court Judge, convicted, and fined $100. Judgment and sentence were entered accordingly, from which this appeal was perfected.

A related case was on appeal herein once before. City of Tulsa v. Elias, Okl.Cr., 319 P.2d 316. This action is based on an entirely new information involving a subsequent alleged offense.

The evidence offered at the trial consisted of the city ordinances pertinent to the charge laid, the testimony of a city inspector, and of a city investigator. The city inspector described the location and operations of the property in question. He related that there was a sign visible from the 51st Street Expressway reading "Jamil's Charcoal Steaks"; that Mr. James Elias was there preparing barbecued steaks on the grill. He testified he had checked the zoning ordinances and was familiar with them as applied to this area and that this operation was a violation thereof. Said ordinances were introduced and made a part of the record. Mr. Don Downing, the city investigator, testified that on February 1, 1958, he was in a place known as Jamil's and ate a meal there.

Neither of these witnesses established ownership in the accused of the place by legal description or otherwise, or that he was in legal control or operation of the place. No other evidence than the foregoing was offered by the City of Tulsa.

It is fundamental that all the essential allegations of the information in such case must be proved as alleged. Defendant's plea of not guilty denied all material allegations in the information, including ownership, control and operation, and imposed upon the City the burden of proving beyond a reasonable doubt every essential fact necessary to establish guilt. Washington and Old Dominion R. R. v.

City of Alexandria, 191 Va. 184, 60 S.E.2d 40; 101 C.J.S. Zoning § 419, note 95, p. 1262; Crouse v. State, 39 Okl.Cr. 127, 263 P. 681; Voegli v. State, 75 Okl.Cr. 420, 133 P.2d 219. The proof herein goes to establish nothing other than the accused was barbecuing steaks at the grill. It does not purport to prove ownership, possession, or control of the premises. It establishes nothing other than this defendant was a cook at Jamil's.

If James Elias was actually the owner of the premises or in lawful possession and operation thereof, proof could so easily have been offered. If he was the owner, a certified copy of the deed thereto would have established that fact, 16 O.S.1951 § 27; Twist v. Colonial Trust Co., 53 Okl. 800, 158 P. 938; Dyal v. Norton, 47 Okl. 794, 150 P. 703, where the original is not in possession of the party desiring to use the same. People v. Scandore, 3 N.Y.2d 681, 171 N.Y.S.2d 808, 148 N.E.2d 872 (a zoning case). Proof could have been made by showing Elias paid the ad valorem taxes. If Elias was not the owner but otherwise in lawful possession and operation of Jamil's that fact should have been established. It could have been shown by introducing into evidence a recorded lease or that he paid the bills, such as utility bills, salaries, supply bills, etc., or the personal taxes on the equipment. No such proof appears in this record. As a matter of law, the proof offered by the City is entirely insufficient to establish the essential elements of the offense alleged.

This record is so fundamentally defective in the foregoing regard that it does not constitute a basis for consideration of the other issues raised. This is the second appeal arising out of alleged violations of the zoning ordinances of the City of Tulsa. We trust that greater care will be pursued in the future in preparation and trial of any further like charges. It is a waste of time, effort and money to belabor the courts and bedevil defendants with fruitless prosecutions. The ends of justice require more efficient prosecution than was accorded this and the prior case.

The judgment and sentence is reversed and the cause remanded to the trial court for a new trial.

POWELL, P. J., and NIX, J., concur.