Lavina ALLEN, Plaintiff-in-error,
v.
CITY OF TULSA, Defendant-in-error.
No. A–13022.

Court of Criminal Appeals of Oklahoma.
June 28, 1961.

F. J. Lucas, Tulsa, for plaintiff-in-error.

BUSSEY, Judge.

The plaintiff-in-error and defendant herein, Lavina Allen, was charged in the Municipal Criminal Court of the City of Tulsa, by information with the offense of operating a bawdy house in violation of City Ordinance, Title 19, Section 171. A jury trial was waived and the case was tried to the Honorable John M. Imel, Judge. The court found the defendant guilty, a fine of $16 was assessed and thereafter this appeal was timely perfected.

■ The City of Tulsa did not file a brief although the appellant filed an exhaustive brief. Where a person charged is convicted and thereafter perfects an appeal to the Court of Criminal Appeals, it is the duty of the city or municipal attorney to brief the case on behalf of the municipality, as the Attorney General of the State is required to represent only the State of Oklahoma in litigation. 74 O.S. (1951) § 18b(a) and Johnson v. City of Tulsa, 97 Okl.Cr. 85, 258 P.2d 695.

■ Since the charge upon which the defendant was tried was based upon a city ordinance it is necessary that the ordinance be properly presented to this Court in order to consider the same on appeal. As was said in the Johnson case supra, "the presumption that the court knows the law presupposes that the judge has at least had an opportunity to acquire the necessary learning, and this would be unusual indeed in the case of current city ordinances of the various cities of the 77 counties of this State. A city ordinance is more in the nature of a private statute, which to establish always requires proof." This statement is the reasoning behind the fundamental rule that on review of a municipal court judgment this Court will not take judicial notice of an ordinance involved, even though the municipal or other trial court was entitled to do so.

■■ This then leads us to the decisive question in the case at bar. A careful search of the case-made reveals that the city ordinance upon which the conviction was had in the court below was not properly included. The law is clear as to the manner in which it should have been accomplished. "Such ordinance must be reflected in the record, either by way of introduction in evidence in the trial court in accordance with and as provided by 12 O.S. (1951) § 493, or set forth verbatim by the municipal court or court trying the case de novo, during trial, or in its findings, in judgment rendered, or the wording must have been agreed to by the parties and stipulation entered in the record during trial." City of Tulsa v. Elias, Okl.Cr., 319 P.2d 316 and City of Tulsa v. Johnson, supra. In the instant case none of the above methods were followed. Rather, the last page (which was not numbered) in the case-made appears to be a typewritten copy of Title 19, Sections 171 and 180 of the ordinances of the City of Tulsa. However, it appears immediately after the certificate of the trial judge certifying that the foregoing case-made, with amendments thereto is a true and correct record upon which the judgment and sentence on conviction in this case was made and entered. There is nothing to indicate that the purported ordinances are true and correct copies nor is there anything to indicate who may have inserted the same. Furthermore, it was not listed in the index in the manner prescribed by law and was not assigned a page number. Burns v. State, 8 Okl.Cr. 554, 129 P. 657 and Ellis v. State, 8 Okl.Cr. 522, 128 P. 1095, 43 L.R.A.,N.S., 811. This clearly rebutts any presumption that might arise indicating that it was inserted in the manner indicated through inadvertence. We feel that the law, whether it be statutory or case law, should be followed to the letter whenever possible and we will not condone anything less.

The ordinance was not properly presented to this Court and the case is therefore reversed.

NIX, P. J., concurs.

BRETT, J., not participating.