Almon SAWYER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13402.

Court of Criminal Appeals of Oklahoma.

Sept. 16, 1964.

Robert J. Woolsey, Tulsa, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Almon Sawyer, hereinafter referred to as defendant, was charged by information, in the Municipal Criminal Court of the City

of Tulsa, with the violation of Title 47 O.S. § 11–902; the same providing:

"(a) It is unlawful and punishable as provided in paragraph (c) of this section for any person who is under the influence of intoxicating liquor to drive, operate, or be in actual physical control of any motor vehicle within this state.

&ast; &ast; &ast; &ast; &ast; &ast;

"(c) Every person who is convicted of a violation of this section shall be deemed guilty of a misdemeanor for the first offense and upon conviction thereof shall be punished by imprisonment in the county jail for a period of time not less than ten days nor more than one year, and a fine of not more than Five Hundred Dollars ($500.00).
&ast; &ast; &ast;"

The jury was waived and he was tried before the Honorable James D. Bass, Judge of the Municipal Criminal Court of the City of Tulsa, who found him guilty and fixed his punishment at Ten (10) Days in the county jail and a $50.00 fine and costs.

From the Judgment and Sentence rendered therein a timely appeal has been perfected to this Court.

Although there are several assignments of error, it will only be necessary to consider defendant's first contention that this cause should be reversed for the reason that there was no competent evidence introduced tending to establish that the offense, for which the defendant stands convicted, was committed within the corporate limits of the City of Tulsa. The defendant argues that Officer Jim Snyder's testimony was the only evidence adduced on the trial relating to this issue and asserts that said testimony was improperly admitted and should not have been considered by the trial Judge. Testimony of Officer Jim Snyder, appearing at pages 56 and 57 of the casemade, was as follows:
&ast; &ast; &ast; &ast; &ast; &ast;

"Q. Now, of course this Cadillac was setting there within the city limits, do you know where it was?

"A. It was right down Memorial, there at the intersection.

"BY MR. BRYANT: Do you know whether or not that location is in the city limits of the City Tulsa?

"MR. WOOLSEY: That is objected to; it is incompetent, irrelevant and immaterial; the witness does not know.

"THE COURT: Overruled.

"MR. WOOLSEY: Exception.

"A. It is within the city limits of the City of Tulsa.

"BY MR. WOOLSEY.

"Q. How do you know?

"A. Well, we have maps that show where the city limits are.

"MR. WOOLSEY: That is objected to, it is not the best evidence.

"THE COURT: Overruled.

"MR. WOOLSEY: Exception.

"Q. Where is that line, the City limits?

"A. Right down Memorial Street, South to 11th Street, and down Admiral Place from 89th Place East, and on there.

"Q. Now the place where this accident occurred, is that in the limits of the City of Tulsa?

"A. Yes, at that time, yes sir.

"MR. WOOLSEY: We move that all of this testimony be stricken.

"THE COURT: Overruled.

"MR. WOOLSEY: Exception.

"THE COURT: Exceptions allowed.

"MR. WOOLSEY: If the Court please, I object to all of this, for it has not been proved that this took place within the City of Tulsa, and I object to the jurisdiction of this Court.

"THE COURT: Overruled.

"MR. WOOLSEY: To which the defendant excepts."

\*　\*　\*　\*　\*　\*

At the outset, we observe that the Municipal Criminal Court of the City of Tulsa has concurrent jurisdiction with the State Courts of Tulsa County in misdemeanor violations of Title 47 O.S. § 11–902, arising within the corporate limits of the City of Tulsa. In order to sustain a conviction for a violation of Title 47 O.S. § 11–902, it is incumbent for the record to reflect that the offense occurred within the corporate limits of the City of Tulsa. The boundaries of the corporate limits of the City of Tulsa are fixed by the duly enacted ordinances of that City, and while it has been generally held that the trial Judge of a Municipality may take judicial notice of City Ordinances, it has also been uniformally held that the Court of Criminal Appeals will not take judicial notice of Municipal Ordinances; but that the Ordinance, or Ordinances must be reflected in the record, either by way of introduction in evidence in the trial court in accordance with and as provided by Title 12 O.S.1951 § 493, or set forth verbatim by the Municipal Court or Court trying the case de novo, during trial, or in its findings, in judgment rendered, or the wording must have been agreed to by the parties and stipulation entered in the record during trial. See, Allen v. City of Tulsa, Okl.Cr., 363 P.2d 382; Johnson v. City of Tulsa, 97 Okl.Cr. 85, 258 P.2d 695; City of Tulsa v. James Elian, Okl.Cr., 319 P.2d 316.

The testimony of Officer Jim Snyder, as above set forth, completely failed to meet the requirements under the authorities above cited and the record being otherwise silent as to the Ordinances establishing the corporate limits of said city, this cause is accordingly reversed and remanded.

JOHNSON, P. J., and NIX, J., concur.