James P. GOEPPINGER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13561.

Court of Criminal Appeals of Oklahoma.

May 11, 1966.

Ed Parks, John D. Harris, Tulsa, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Jack Swidensky, Asst. Atty. Gen., for defendant in error.

PER CURIAM.

This is an appeal by James P. Goeppinger, hereinafter referred to as defendant, who was charged by information in the municipal criminal court of the city of Tulsa with the offense of being, on December 13, 1963, unlawfully, wrongfully, wilfully and knowingly in actual physical control of a 1961 Buick, two door motor vehicle, bearing license Tag No. ZC 4555, in the 5100 block east 30th Street, and the 5100 block east 28th Street, while said defendant was under the influence of intoxicating liquor.

A jury was waived and the case was tried before the court, who found defendant guilty and fixed his punishment at ten days in the county jail, and a $50 fine, and costs.

Timely appeal from the judgment and sentence of the court has been duly filed in this Court.

In his petition in error, defendant sets out nine errors, but argues them under five propositions. Several of the propositions raised by defendant have some merit, but for the purpose of deciding this case, only one point briefed will be considered, and

that is as to the sufficiency of the testimony to establish that the acts complained of transpired within the corporate limits of the city of Tulsa.

In the case of Sawyer v. State, Okl.Cr., 395 P.2d 589, this Court held:

"At the outset, we observe that the Municipal Criminal Court of the City of Tulsa has concurrent jurisdiction with the State Courts of Tulsa County in misdemeanor violations of Title 47 O.S. § 11–902, arising within the corporate limits of the City of Tulsa. In order to sustain a conviction for a violation of Title 47 O.S. § 11–902, it is incumbent for the record to reflect that the offense occurred within the corporate limits of the City of Tulsa. The boundaries of the corporate limits of the City of Tulsa are fixed by the duly enacted ordinances of that City, and while it has been generally held that the trial Judge of a Municipality may take judicial notice of City Ordinances, it has also been uniformally held that the Court of Criminal Appeals will not take judicial notice of Municipal Ordinances; but that the Ordinance, or Ordinances, must be reflected in the record, either by way of introduction in evidence in the trial court in accordance with and as provided by Title 12 O.S.1951 § 493, or set forth verbatim by the Municipal Court or Court trying the case de novo, during trial, or in its findings, in judgment rendered, or the wording must have been agreed to by the parties and stipulation entered in the record during trial." Citing cases.

We have carefully examined the record before us, and it is our opinion that the testimony of the different police officers testifying in this case, completely failed to meet the requirements under the authority of Sawyer v. State, supra; and the record being otherwise silent as to the ordinances establishing the corporate limits of said City, this cause is accordingly reversed.