**Larry Jack SIMMONS, Plaintiff in Error,**

v.

**OKLAHOMA CITY, Oklahoma, a Municipal Corporation, Defendant in Error.**

**No. A-14245.**

Court of Criminal Appeals of Oklahoma.

June 14, 1967.

Hamilton & Carson, Oklahoma City, for plaintiff in error.

Jerry R. Fent, Asst. Municipal Counselor, for defendant in error.

BUSSEY, Judge:

Larry Jack Simmons, hereinafter referred to as defendant, was charged in the Municipal Criminal Court of Oklahoma City, Oklahoma, with the offense of Reckless Driving, waived jury trial, was tried by the court, found guilty, and appeals.

Although there are several assignments of error, we deem it only necessary to discuss the defendant's assignment of error that the prosecution failed to establish venue.

In the record, at pages 39 and 40, the following appears:

"THE COURT: Now, before you rest, I think it fair to advise you that you haven't proved venue.

MR. STANDEVEN: The first Officer testified, I believe, that it was in Oklahoma City.

THE COURT: It won't do the job. However, I can take judicial notice of the fact. Now, if you'd tried some more of them down here, we crossed this bridge some time ago on a decision out of the Tulsa Court—a White Horse case on an officer testifying as to venue. I believe I sustained a couple of demurrers for Mr. Sullivan on this point, but I don't guess he communicated the problem around, but anyway, we solved it with Mr. Fent, et cetera. You can either get a stipulation or you can introduce the ordinance or I can take judicial notice and then I have to dictate verbatim into the record the ordinance.

Now, what we're talking about, Mr. Simmons, is proving that this happened, if it happened at all, in Oklahoma City. I am prepared to take judicial notice of the fact that 39th and—from Penn to Barnes—is, in fact, within the corporate limits of Oklahoma City and this Court has jurisdiction and I'll so do that at this time.

LARRY JACK SIMMONS: Thank you, your Honor."

It is the position of the City of Oklahoma City that when the preceding occurred, it amounted to a stipulation by the accused that the alleged offense occurred within the corporate limits of Oklahoma City. With this contention we cannot agree. While we have held that a trial court may take judicial notice of the city ordinances which define and delineate the boundaries of said city, we set forth the manner in which said ordinances could be established and preserved in the record. In Sawyer v. State, Okl.Cr., 395 P.2d 589, it is stated:

"* * * it is incumbent that the record reflect the ordinance establishing the boundaries of the corporate limits of the City, either by way of introduction in evidence in the trial court in accordance with and as provided by Title 12 O.S.1951 §

493, or set forth verbatim by the Municipal Court or court trying the case de novo, during trial, or in its findings, in judgment rendered, or the wording must have been agreed to by the parties and stipulation entered in the record during trial. When the record does not reflect said ordinance, the Court of Criminal Appeals will not take judicial notice of the same and the cause will be Reversed and Remanded."

In accordance with Sawyer v. State, supra, this cause is accordingly reversed and remanded for a new trial.

We wish to emphasize that the burden of proving venue rests on the prosecuting authorities of a municipality and we suggest that the prosecuting attorneys be prepared in all future cases to meet this burden.

NIX, P. J., and BRETT, J., concur.