James Shirley WHISENHUNT, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-14806.

Court of Criminal Appeals of Oklahoma.

April 8, 1970.

James D. Bass, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

BUSSEY, Judge.

James Shirley Whisenhunt was charged, tried and convicted in the Municipal Criminal Court of the City of Tulsa for the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, and from the judgment and sentence fixing his punishment at ten days imprisonment and a fine of $250.00, he appeals.

The single assignment of error requiring reversal in the instant case is that the prosecuting authorities failed to establish venue in conformity with the rule enunciated in Sawyer v. State, Okl.Cr., 395 P.2d 589, and cited with approval in Goeppinger v. State, Okl.Cr., 414 P.2d 313. In order to eliminate the unnecessary expense of new trials in all future cases, we reiterate the rule there enunciated:

"[T]he Municipal Criminal Court of the City of Tulsa has concurrent jurisdiction with the State Courts of Tulsa County in misdemeanor violations of Title 47 O.S. § 11–902, arising within the corporate limits of the City of Tulsa. In order to sustain a conviction for a violation of Title 47 O.S. § 11–902, it is incumbent for the record to reflect that the offense occurred within the corporate limits of the City of Tulsa. The boundaries of the corporate limits of the City of Tulsa are fixed by the duly enacted ordinances of that City, and while it has been generally held that the trial Judge of a Municipality may take judicial notice of City Ordinances, it has also been uniformly held that the Court of Criminal Appeals will not take judicial notice of Municipal Ordinances; but that the Ordinance, or Ordinances, must be reflected in the record, either by way of introduction in evidence in the trial court in accordance with and as provided by Title 12 O.S.1951 § 493, or set forth verbatim by the Municipal Court or Court trying the case de novo, during trial, or in its findings, in judgment rendered, or the wording must have been agreed to by the parties and stipulation entered in the record during trial."

In accordance with the authorities above set forth, the judgment and sentence is Reversed and Remanded for further proceedings consistent with this opinion.

Reversed and Remanded for a new trial.

BRETT, P. J., and NIX, J., concur.