**Ronald Frederick WORMUTH, Plaintiff in Error,**

v.

**The CITY of TULSA, Defendant in Error.**

**No. A-16357.**

Court of Criminal Appeals of Oklahoma.

March 31, 1971.

Frazier, Harris, Dyer, Pate & Hopper, Tulsa, for plaintiff in error.

Waldo F. Bales, City Atty., Tulsa, for defendant in error.

BUSSEY, Presiding Judge:

Ronald Frederick Wormuth, hereinafter referred to as defendant, was charged, tried and convicted in a non-jury trial in the Municipal Court of the City of Tulsa for the offense of Allowing Drunken Individuals to Loiter in his Place of Business; his punishment was fixed at a $50.00 fine, and from said judgment and sentence a timely appeal has been perfected to this Court.

Although there are several assignments of error, it will only be necessary to consider the defendant's first contention that the case must be reversed for the reason that there was no competent evidence introduced tending to establish venue. This contention is well taken. The record reflects that the only evidence adduced at the trial was the arresting officer's testimony that the offense occurred in the City of Tulsa. In the case of Sawyer v. State, Okl. Cr., 395 P.2d 589, we stated:

"[T]he boundaries of the corporate limits of the City of Tulsa are fixed by the duly enacted ordinances of that City, and while it has been generally held that the trial Judge of a Municipality may take judicial notice of City Ordinances, it has also been uniformally held that the Court of Criminal Appeals will not take judicial notice of Municipal Ordinances; but that the Ordinance, or Ordinances must be reflected in the record, either by way of introduction in evidence in the trial court in accordance with and as provided by Title 12 O.S.1951, § 493, or set forth verbatim by the Municipal Court or Court trying the case de novo, during trial, or in its findings, in judgment rendered, or the wording must have been agreed to by the parties and stipulation entered in the record during trial."

See Also Simmons v. Oklahoma City, Okl. Cr., 429 P.2d 530; Allen v. City of Tulsa, Okl.Cr., 363 P.2d 382; City of Tulsa v. Elias, Okl.Cr., 319 P.2d 316.

The defendant specifically raised the issue of venue at the first opportunity in his Demurrer to the case in chief. The testimony of the police officer completely failed to meet the requirements under the authorities above cited and the record being otherwise silent as to the ordinance establishing the corporate limits of said city, this cause is accordingly reversed and remanded.

NIX and BRETT, JJ., concur.