Charles HAUBER, Appellant,

v.

CITY OF ENID, Appellee.

No. A–17674.

Court of Criminal Appeals of Oklahoma.

Oct. 11, 1972.

Stephen Jones, Enid, for appellant.

Larry Derryberry, Atty. Gen., Mike Jackson, Asst. Atty. Gen., for appellee.

## OPINION

SIMMS, Judge:

Appellant, Charles Hauber, was convicted in the Municipal Court of the City of Enid of Driving While Intoxicated and was fined the sum of Thirty-Five Dollars ($35.00). Timely notice of appeal was perfected to the District Court of Garfield County for trial *de novo*, which was had before Special District Judge Garland Hope on the third day of May, 1972. Appellant was tried to the court, found guilty, and fined the sum of Thirty-Five Dollars ($35.00), from which conviction the appellant has timely effected an appeal to this Court.

Because of the result reached, there is no need for a summary of the facts in this case. Suffice it to say the record in this misdemeanor case, more particularly the corrected judgment and sentence, reflects that no attempt was made by the prosecution to either introduce the ordinances of the City of Enid or ask the district judge to take judicial notice of those ordinances.

We have previously held that where the ordinance under which a misdemeanor conviction is had is not properly before this Court, we will reverse the conviction. Allen v. City of Tulsa, Okl.Cr., 363 P.2d 382 (1961).

In Allen we stated:

"Since the charge upon which the defendant was tried was based upon a city ordinance it is necessary that the ordinance be properly presented to this Court in order to consider the same on appeal. * * * 'A city ordinance is more in the nature of a private statute, which to establish always requires proof.' This statement is the reasoning behind the fundamental rule that on review of a municipal court judgment this Court will not take judicial notice of an ordinance involved, even though the municipal or other trial court was entitled to do so."

"* * * 'Such ordinance must be reflected in the record, either by way of introduction in evidence in the trial court in accordance with and as provided by 12 O.S. (1951) § 493, or set forth verbatim by the municipal court or court trying the case de novo, during trial, or in its findings, in judgment rendered, or the wording must have been agreed to by the parties and stipulation entered in the record during trial.' "

In view of the foregoing, this case must be, and the same is hereby ordered reversed and remanded with instructions to dismiss.

We must commend the candor of the Attorney General in conceding the validity of the foregoing authority and his confession of error on behalf of the City of Enid.

BUSSEY, P. J., and BRETT, J., concur.