Marland Monroe JOHNSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–16480.

Court of Criminal Appeals of Oklahoma.

Dec. 20, 1972.

Frank R. Hickman, Tulsa, for appellant.

Waldo F. Bales, City Atty., Darell Matlock, Asst. City Atty., Tulsa, for appellee.

## OPINION

BRETT, Judge:

Appellant, Marland Monroe Johnson, hereinafter referred to as defendant, was convicted in the Municipal Criminal Court of the City of Tulsa, Case No. 123340A, for carrying a concealed weapon in violation of city ordinance, with punishment fixed at a fine of $50.00. Judgment and sentence was imposed on January 27, 1971, and this appeal perfected therefrom.

Although there are several assignments of error, it will only be necessary to consider the defendant's contention that the record does not reflect the municipal ordinance involved.

In Simmons v. Oklahoma City, Okl.Cr., 429 P.2d 530, 531 (1967), Judge Bussey, speaking for this Court, set out the well established rule of this jurisdiction:

"In a prosecution for a violation of a city ordinance, it is incumbent that the record reflect the ordinance establishing the boundaries of the corporate limits of the city, either by way of introduction in evidence in the trial court in accordance with and as provided by Title 12 O.S.1951, § 493, or set forth verbatim by the Municipal Court or court trying the case de novo, during trial, or in its findings, in judgment rendered, or the wording must have been agreed to by the parties and stipulation entered in the record during trial. When the record does not reflect said ordinance, the Court of Criminal Appeals will not take judicial notice of the same and the cause will be reversed and remanded."

The ordinance in the instant case was not introduced into evidence, nor set

**902**

forth verbatim by the trial court, nor stipulated to by the parties. Since the record does not reflect the ordinance as required by the rule set out in Simmons v. Oklahoma City, *supra,* this cause must be Reversed and Remanded.

BUSSEY, P. J., and BLISS, J., concur.