**David GOOMDA, Appellant,**

v.

**CITY OF OKLAHOMA CITY, Appellee.**

**No. A–17572.**

Court of Criminal Appeals of Oklahoma.

Feb. 16, 1973.

Robert T. Keel, Oklahoma City, for appellant.

Roy H. Semtner, Municipal Counselor, Mike W. Speegle, Asst. Municipal Counselor, for appellee.

BLISS, Presiding Judge:

David Goomda, hereinafter referred to as defendant, was charged, tried, and convicted in the Municipal Criminal Court of the City of Oklahoma City for the crimes of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, for which he was sentenced to serve ninety (90) days in the city jail and pay a fine of $100.00, and Leaving the Scene of an Accident, for which he was fined $100.00, and he appeals. The form of the Informations under which the defendant was prosecuted indicates the offenses were "contrary to

the form of ordinances in such cases made and provided and against the peace and dignity of the City of Oklahoma City."

■ It is unnecessary for us to consider the bulk of the issues raised on appeal because we find that defendant's contention that the City failed to prove the acts complained of transpired within the corporate limits of Oklahoma City is well taken. Although the Municipal Attorney referred to a stipulation as to location twice during the trial, no such stipulation is to be found in the record. At page 3 of the transcript, the following appears:

"Q. Mark, did you have an occasion to be in the vicinity of the 400 Block of Northwest 5th Street, Oklahoma City, about March 19th of last year, about 1:45 in the morning?

A. Yes, sir, I did."

Further, at page 35 of the transcript, the following appears:

"MR. FAULKNER: Subject to the stipulation as to the offense occurring within the city limits of Oklahoma City, the City rests."

Webster's Third New International Dictionary defines "stipulation" as follows:

"An agreement between attorneys respecting the conduct of legal proceedings."

■ Where a prosecution is based upon a municipal ordinance, though the Municipal Court may take notice of the contents of the ordinance, this Court will not notice the provisions of the ordinance. As we said in Allen v. City of Tulsa, Okl. Cr., 363 P.2d 382:

"[I]t is necessary that the ordinance be properly presented to this Court in order to consider the same on appeal."

Thereafter, in *Allen, supra,* the appropriate methods for bringing city ordinances to the attention of this Court were set out. Ordinances may be presented to this Court by: (1) introduction in evidence in the trial court in accordance with and as provided by 12 O.S. 1971 § 493, (2) being set forth verbatim by the municipal court or court trying the case de novo, during trial, or in its findings, in judgment rendered, or (3) the wording of the ordinance being agreed to by the parties during trial. See: City of Tulsa v. Elias, Okl.Cr., 319 P.2d 316; Johnson v. City of Tulsa, 97 Okl.Cr. 85, 258 P.2d 695. This Court has consistently held that, if one of the three methods set out above is not used, the ordinance is not properly before it on appeal. See: Wormuth v. City of Tulsa, Okl.Cr., 483 P.2d 1158; Simmons v. Oklahoma City, Okl.Cr., 429 P.2d 530; Goeppinger v. State, Okl. Cr., 414 P.2d 313; and Sawyer v. State, Okl.Cr., 395 P.2d 589.

■ This Court has searched the record in vain for some indication of compliance with the above mentioned requirements. Any stipulation upon which one party or the other would rely must be included in the record. None is. Nor is the ordinance, properly introduced, included in the record as evidence. Nor has the court below, upon noticing the ordinance (if, indeed, it did), included the ordinance verbatim in the record as indicated in method (2) above, either during the trial or in the judgment and findings. Either of the latter two methods could be set in motion by the party with the burden of evidence, either by complying with the evidentiary method or by moving the court to comply with the verbatim inclusion method. Needless to say, the court could, upon its own motion, comply with the verbatim inclusion method.

Since the ordinance was not properly presented to this Court, the case is reversed and remanded for a new trial.

BUSSEY and BRETT, JJ., concur.