Dollie Marie **MUCKER**, Appellant,

v.

**CITY OF OKLAHOMA CITY**, Appellee.

No. A–18019.

Court of Criminal Appeals of Oklahoma.

July 3, 1973.

**320**

Kenneth G. Mayfield, Oklahoma City, Okl., for appellant.

Walter M. Powell, Municipal Counselor, Larry J. Puckett, Asst. Municipal Counselor, Oklahoma City, Okl., for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Dollie Marie Mucker, hereinafter referred to as defendant, was charged, tried and convicted in the Municipal Court of Record of the City of Oklahoma City, Oklahoma, Case No. A–18, 210, for the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor. Her punishment was fixed at thirty (30) days in the City Jail. From said judgment and sentence, a timely appeal has been perfected to this Court.

As this cause requires reversal for a new trial, we do not deem it necessary to recite the facts.

■ The defendant's second proposition contends that the record does not reflect the ordinance establishing the boundaries of the corporate limits of the City of Oklahoma City.

In the record at page 20, the following appears:

"MR. COOLEY: If the defendant will stipulate as to the location being within the city limits?

"MR. MAYFIELD: We will stipulate.

"MR. COOLEY: With these three witnesses and the stipulation, the City rests."

It is this Court's opinion, and we so hold, that the stipulation entered into by the defense counsel and the city attorney was sufficient for proof of venue.

■ Although, the stipulation entered into by the city attorney and the defendant's attorney was sufficient to show venue, we have diligently searched the record and find that the same does not contain the ordinance under which the defendant was tried and convicted, we are therefore of the opinion that the judgment and sentence appealed from must be, and the same is hereby, reversed and remanded. See Goomda v. City of Oklahoma City, Okl.Cr., 506 P.2d 991 (1973), where this Court held:

"On a review of a municipal court judgment the Court of Criminal Appeals will not take judicial notice of an ordinance involved, . . . Such ordinance must be reflected in the record, . . . or the wording must have been agreed to by the parties and stipulation entered in the record during trial."

Also see Cooper v. Oklahoma City, Okl.Cr., 509 P.2d 910 (1973); Johnson v. State, Okl.Cr., 504 P.2d 901 (1972); and, Simmons v. Oklahoma City, Okl.Cr., 429 P.2d 530 (1967).

Judgment and sentence reversed and remanded.

BRETT and BUSSEY, JJ., concur.