Shawna Marie SPROLES, Appellant,

v.

CITY OF TULSA, Appellee.

No. M–85–16.

Court of Criminal Appeals of Oklahoma.

Dec. 17, 1986.

John Street, Tulsa, for appellant.

Neal E. McNeill, City Atty., Larry V. Simmons, Asst. City Atty., Tulsa, for appellee.

### OPINION

PARKS, Presiding Judge:

The appellant, Shawna Marie Sproles, was convicted in the Municipal Court of the City of Tulsa, Case No. 397912, of Soliciting Prostitution. From a sentence of sixty (60) days in the City Jail and a forty ($40.00) dollar fine, she appeals. We reverse.

During the late evening hours of March 27, 1984, appellant arrived at the Hilton Hotel, Room 381, for "escort duty." Sgt. C.H. Bush, a Tulsa Police Vice Officer, testified that at approximately 9:30 p.m., he telephoned the Action Escort Service. Sgt. Bush inquired if there was a girl available, and told them he was in Room 381 of the Hilton Hotel. Arrangements were made for the girl to come to his room. At approximately 11:30 p.m., the appellant arrived at Sgt. Bush's hotel room. Following some discussion and drinks, the appellant informed Sgt. Bush that she would perform certain sexual acts for $150 an hour. Sgt. Bush tendered $160 and the appellant gave him $10 change. When appellant went over to the bed to disrobe, Sgt. Bush closed the drapes as a signal to the other officers, and then placed her under arrest.

On appeal, the appellant raises two assignments of error. This Court need only address the first assignment. The appellant alleges that the trial court erred by failing to sustain a defense motion for a Directed Verdict of Acquittal. We agree.

The appellant contends that the prosecution failed to present any proof to establish venue in the Tulsa Municipal Court. It has long been the law in Oklahoma that a city "must establish that the violation of the city ordinance occurred within the corporate limits of the municipality and that the court had venue over the subject matter." *Johnson v. City of Tulsa*, 546 P.2d 1021, 1022–23 (Okl.Cr. 1976). *See* 11 O.S.1981, § 27–103.

Sgt. Bush testified that he was conducting an undercover vice operation at the Hilton Hotel. His testimony did not reflect that the hotel was located within the City of Tulsa, although he did note that his back-up officers were on Darlington Street, which fronted his room. Following the close of the City's case, the appellant demurred to the evidence. The trial court overruled the motion.

The City of Tulsa argues that venue was properly proved upon an agreement in chambers to stipulate that the alleged offense occurred in the City of Tulsa. This argument is not well taken. The well stated rule in Oklahoma is that "[s]tipulations entered by both [the prosecution] and [the] defense can only constitute a stipulation [that] there will be no objection by counsel to the admissibility of the evidence", *Jones v. State*, 527 P.2d 169, 174 (Okl.Cr.1974), (overruled on other grounds), *Fulton v. State*, 541 P.2d 871 (Okl.Cr.1975), court will be the final arbitrator of the admissibility of any evidence submitted. *Id.* In the instant case, the City failed to introduce the stipulation into evidence during trial.

In *Goomda v. City of Oklahoma City*, 506 P.2d 991 (Okl.Cr.1973), this Court reversed both for a failure to prove venue and for a failure to include in the record the municipal ordinance which the defendant was accused of violating. On the issue of venue, the Court noted that during the taking of testimony the municipal attorney had twice referred to a defense stipulation as to the location of the offense. In reversing, however, the Court stated that it found no indication of an entry of the stipulation in the trial record.

In *Mucker v. City of Oklahoma City*, 513 P.2d 319 (Okl.Cr.1973), the defendant also raised the issues of lack of proof of venue and failure to include the ordinance in the record. The Court first found that a stipulation as to venue had clearly been made on the record during trial. On the issue of the ordinance, however, the Court again reversed. The Court stated:

> On a review of a municipal court judgment the Court of Criminal Appeals will not take judicial notice of an ordinance involved, ... Such ordinance must be reflected in the record, ... or the wording must have been agreed to by the parties and *stipulation entered in the record during trial.*

(emphasis added), quoting *Goomda, supra* at 991. Accordingly, we hold that for a stipulation to be binding on a defendant at a criminal trial, the stipulation must be officially introduced into evidence on the record during trial.

The city also argues, however, that there was sufficient testimony to establish the location of the offense. Sgt. Bush stated that Room 381 faced Darlington Street, and the appellant admitted that the Hilton Hotel was located on East Skelly Drive. We have long held that although cases may be proved circumstantially and through reasonable inferences therefrom, *Reiman v. State*, 661 P.2d 1358 (Okl.Cr.1983), the scope of judicial notice for this Court is limited. As early as 1910, in the case of *Brunson v. State*, 4 Okl.Cr. XIII, 115 P. 606 (1910), this Court stated:

> In this case there was no attempt made upon the part of the State to prove venue. The name of the building and the name and number of the street where the offense was alleged to have been committed are mentioned; but no proof was offered as to the city, town, or county in which said offense was committed. Courts will not take judicial notice of the names of buildings, or numbers or names of streets.

In *Morris v. State*, 363 P.2d 377 (Okl.Cr. 1961), an automobile was stolen from the Greenlease-Ledterman Motor Company. Following investigation, a Tulsa County Deputy Sheriff and a Tulsa City Police Officer observed their suspect enter the stolen vehicle and "[drive] to Greenwood from Lattimore Place, [turn] right, [go] 2 blocks and [turn] right again on Marshall Street...." *Id.* at 378–79.

Judge Bussey, carefully reiterating the scope of judicial notice in venue cases, stated that:

> [t]his Court will take judicial notice of the boundaries of the counties of the State and also the geographical locations of the cities and towns within the State, ... [we] will not take judicial notice of streets and buildings where there is no evidence to show in what town or city the same are located. [Citations omitted.]

*Id.* at 379. The fact that a Tulsa police officer was involved in the arrest was not considered to be evidence of venue.

Followings the rationale of *Morris v. State, supra*, a case almost identical to the instant case, it is clear that the City of Tulsa failed to prove by direct evidence that the solicitation for prostitution occurred within the City of Tulsa. Testimony of the witnesses merely provided two street names and a building which this Court cannot judicially recognize as being within the City of Tulsa. *Id.* "It is likewise clear that while the [appellant] may waive the proof of venue, in the case at bar he insisted at every stage in the proceedings to the necessity of the [City] establishing it by competent evidence." *Id.* The appellant timely demurred and made her motion for new trial, both being overruled.

In accordance with our prior decisions, it is the opinion of this Court that the judgment and sentence appealed from be REVERSED and REMANDED for a new trial consistent with this opinion.

BRETT and BUSSEY, JJ., concur.