**Johnny D. HISHAW, Appellant,**

v.

**CITY OF OKLAHOMA CITY, Appellee.**

No. M–91–285.

Court of Criminal Appeals of Oklahoma.

Dec. 17, 1991.

ACCELERATED DOCKET ORDER

Appellant was convicted in a non-jury trial of Assault and Battery, Case no. 90–5340116, in the Municipal Criminal Court of Oklahoma City. Appellant was ordered to pay a one hundred dollar ($100.00) fine plus any court costs. It is from this judgment and sentence that Appellant appealed. Pursuant to 22 O.S.Supp.1990, Ch. 18, App., *Rules for the Court of Criminal Appeals*, Rule 11.2, this appeal was automatically assigned to the Accelerated Docket of this Court. Propositions of error were presented to this Court in oral argument, November 26, 1991, pursuant to Rule 11.5(c). At the conclusion of the argument, the parties were advised of the decision of this Court.

Appellant has alleged, in part, that the municipal ordinance under which he was prosecuted was unconstitutionally vague and overbroad; that the information failed to sufficiently inform him of the charges filed against him and that the City failed to prove the elements of the offense. A review of the records presented to this Court showed that the city ordinance under which Appellant was prosecuted was not included. The record does reflect that the prosecutor requested that the trial court take judicial notice of the penal provisions included in the ordinances for the City of Oklahoma City and that certified copies of the pertinent provisions be read into the record at a later time. Although the request was granted by the trial court, the applicable penal provision was never read into the record or included in the record in any way.

This Court has held that where a prosecution is based upon a municipal ordinance, the ordinance must be properly presented to this Court. While the Municipal Court may take judicial notice of the contents of the ordinance, this Court will not. To properly bring the ordinance to the attention of this Court, the ordinance must be reflected in the record, either by way of introduction in evidence in the trial court in accordance with 12 O.S.1981, § 2902, or set forth verbatim by the court during trial or in its findings or judgment, or the wording of the ordinance must have been agreed to by the parties and the stipulation entered in the record during trial. *Mucker v. City of Oklahoma City*, 513 P.2d 319, 320 (Okl.Cr.1973); *Goomda v. City of Oklahoma City*, 506 P.2d 991, 992

(Okl.Cr.1973); *Allen v. City of Tulsa*, 363 P.2d 382, 383 (Okl.Cr.1961). However, in *Clayton v. City of Oklahoma City*, 760 P.2d 841 (Okl.Cr.1988), we held that the Court of Criminal Appeals is required to take judicial notice of municipal ordinances but only where there is proof in the record that the same have been compiled and filed in accordance with 11 O.S.Supp.1985, § 14–110. (Section 14–110 requires that a municipality deposit a copy of its penal ordinances in the county law library of the county wherein the municipality is located).

■ In the present case, the ordinance under challenge was not included in the record on appeal and therefore is not properly before this Court for review. Taking judicial notice of city ordinances is a function of the trial court and not of the appellate court. An appropriate review of a challenged municipal ordinance can only be undertaken with the ordinance before the Court. This Court will not seek out and retrieve the municipal ordinances of the various cities filed in each of the seventy-seven (77) county law libraries throughout the state. Therefore, in order to properly preserve a case for appellate review, a copy of the municipal ordinance under which the criminal charges are brought is to be included in the record per one of the methods listed in *Goomda*. Further, as it conflicts with this decision, *Clayton v. Oklahoma City* is hereby overruled.

Based upon the above facts, we are unable to find that the City proved the criminal allegations against Appellant. Therefore, it is the order of this Court, by a four (4) to zero (0) vote, that the judgment and sentence against Appellant must be REVERSED and REMANDED WITH INSTRUCTIONS TO DISMISS.

IT IS SO ORDERED.

/s/ Gary L. Lumpkin
VICE PRESIDING JUDGE

/s/ Tom Brett
JUDGE

/s/ Ed Parks
JUDGE

/s/ Charles A. Johnson
JUDGE