Gerald E. WEIS, Appellant,

v.

The CITY OF OKLAHOMA CITY, Appellee.

No. M–81–26.

Court of Criminal Appeals of Oklahoma.

Oct. 30, 1981.

Gerald E. Weis, pro se.

Walter M. Powell, Municipal Counselor, J. Kelly Work, Asst. Municipal Counselor, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

On appeal from his conviction in the Municipal Criminal Court of the City of Oklahoma City, Case No. 80–1665822, for violation of the traffic speed regulations, the appellant, Gerald E. Weis, asserts three (3) assignments of error.

He first asserts that the trial court erred in finding that the offense cited occurred within the corporate limits of Oklahoma City. He alleges that the ordinance annexing the area where the traffic offense occurred, and the ordinance prohibiting speeding, were not properly made a part of the record. This assignment of error is without merit. The record reflects that the court took judicial notice of the ordinances and allowed the city to supplement the record; the insertion of certified copies therein substantially complies with our holding in *Johnson v. City of Tulsa*, 546 P.2d 1021 (Okl.Cr.1976).

As his second assignment of error, the appellant contends that the trial court erred in imposing a fine contrary to the express provisions of 11 O.S.Supp.1980, § 14–111(E), which provides that:

No municipality may levy a fine of over twenty dollars ($20.00) until it has compiled and published its penal ordinances as required in Sections 14–109 and 14–110 of this title.

The fine imposed in the instant case was not in excess of twenty dollars ($20.00). Therefore, the appellant's contention that the penal ordinances were not properly published is not appropriate, and he has not demonstrated that he has been prejudiced thereby.[1]

▮ As his third and final assignment of error, the appellant alleges that inclusion of a ten dollar ($10.00) court cost fee and a five dollar ($5.00) court reporter fee, in addition to the twenty dollar ($20.00) fine, is a double penalty or a post-conviction enhancement of punishment, and constituted double jeopardy, violated his constitutional rights of equal protection, and limited his access to the courts. This assignment of error is also without merit. The "penalty" imposed was a *single penalty* (emphasis ours) consisting of a fine of twenty dollars ($20.00) plus costs as specifically provided for by 11 O.S.Supp.1980, § 28–125, totalling fifteen dollars ($15.00). His contentions regarding double jeopardy, equal protection violations and denial of access to the courts are patently frivolous.

Accordingly, the judgment and sentence appealed from is AFFIRMED.

CORNISH, J., specially concurs.

BRETT, P. J., dissents.

CORNISH, Judge, specially concurring:

I concur that the conviction should be affirmed. However, I respectfully disagree with the dissent's conclusion that Oklahoma City's penal ordinances were unenforceable from December 31, 1978, through September 29, 1980. Oklahoma City was in compliance with the statutory filing requirement at the time the appellant was stopped for speeding.

Title 11 O.S.Supp.1980, § 14–109 mandates the compilation of municipal penal ordinances. This statute provides in part:

The penal ordinances of every municipality shall be compiled and published in a permanent form, either printed or typed, periodically, but not less than once each ten (10) years. Each municipality shall also publish biennial supplements to the permanent volume of compiled penal ordinances. No municipal ordinance shall be enforced if it is not reflected in such a permanent volume *or* supplement if the ordinance was adopted before the latest compilation *or* supplement. (Emphasis added.)

The statute's primary purpose is to insure that citizens are provided with adequate notice of all municipal penal ordinances. Municipal ordinances must be compiled in a bound volume and published at least once every ten years. Additionally, new or amended penal ordinances, adopted subsequent to the publication of the bound volume, must be published in a biennial supplement. Both the permanent bound volume and the biennial supplements must be filed in the office of the county clerk and in the office of the Clerk of the Supreme Court. 11 O.S.Supp.1980, § 14–110.

In this case, the appellant was charged and convicted for speeding in violation of Oklahoma City, Okla., Rev. Ordinances, Art. VI, § 34–29 (1970). This ordinance was enacted in 1970 and published in a permanent volume on October 9, 1971. The ordinance has not been amended since its enactment.

In construing 11 O.S.Supp.1980, § 14–109, I find that the Legislature intended municipal penal ordinances to be enforceable if they are: (1) reflected in a permanent volume; *or* (2) published in a biennial supplement. The language in the statute requiring the publication of a biennial supplement merely addresses the enforceability of municipal penal ordinances, which are adopted subsequent to the permanent volume but adopted before the biennial supplement. Therefore, Oklahoma City's failure to timely file its biennial supplements is irrelevant in this case. The ordinance under which the appellant was convicted was published

---

1. "I am in complete accord with the views expressed by my colleague," Judge Cornish, in his specially concurring opinion.

in a permanent volume and was on file at the office of the Clerk of the Supreme Court.

BRETT, Presiding Judge, dissents:

The issue before this Court is not one of taking judicial notice or allowing supplementation of the record. Laws 1979, ch. 44, §§ 3 and 4 (now 11 O.S.Supp.1980, §§ 14–109 and 14–110), require that municipal penal ordinances must be published in permanent form every ten years, with a supplement every other year; and these ordinances must be filed with the Clerk of the Oklahoma Supreme Court. If these procedures are not followed the ordinances are unenforceable. The Oklahoma City municipal ordinances were issued in a bound volume in 1970. The volumes on file with the Clerk of the Supreme Court show that they are updated through December 31, 1976. After that date nothing was filed until September 30, 1980, when a 1978 supplement was filed.

The obvious implication is that Oklahoma City's penal ordinances were unenforceable from December 31, 1978, through September 29, 1980. The appellant was stopped on September 8, 1980, and there was no valid penal ordinance on that date. His conviction should be reversed.